IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,006

STATE OF KANSAS,
*Appellee*,

v.

CARLTON LEE MAYES,
*Appellant*.

SYLLABUS BY THE COURT

1.

An appellate court reviews decisions of mootness de novo.

2.

A case is moot when a court determines it is clearly and convincingly shown that the actual controversy has ended, that the only judgment that could be entered would be ineffectual for any purpose, and that it would not have an impact on any of the parties' rights.

3.

The completion of a sentence does not necessarily render a claim moot.

Review of the judgment of the Court of Appeals in an unpublished opinion filed February 10, 2017. Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed June 19, 2020. Judgment of the Court of Appeals dismissing the appeal is affirmed.

*Catherine A. Zigtema*, of Zigtema Law Office LC, of Shawnee, argued the cause and was on the briefs for appellant.

1

*Shawn Minihan*, assistant district attorney, argued the cause, and *Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

ROSEN, J.: Carlton Mayes filed a motion to correct an illegal sentence. The district court denied the motion and Mayes appealed. The Court of Appeals dismissed the appeal as moot because Mayes had completed his sentence. We affirm.

## FACTS AND PROCEDURAL HISTORY

On October 26, 2011, Mayes pleaded guilty to aggravated burglary under K.S.A. 2010 Supp. 21-3716 and felony theft under K.S.A. 2010 Supp. 21-3701. The district court scored his criminal history as a "B" based on the prior crimes listed in the presentence investigation report (PSI). Two of those prior crimes were a robbery committed in Missouri in 1977 and an attempted aggravated assault committed in Kansas in 1983. These were both classified as person felonies on the PSI. Mayes did not object to the criminal history score. The district court sentenced Mayes to 70 months' imprisonment pursuant to the plea agreement. It also imposed 24 months of postrelease supervision.

On January 2, 2015, Mayes filed a pro se motion to correct an illegal sentence. He argued that, under *State v. Murdock*, 299 Kan. 312, 323 P.3d 846, (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), the classification of his 1977 Missouri robbery and his 1983 Kansas attempted aggravated assault as person felonies instead of nonperson felonies made his resulting sentence illegal. The district court summarily denied Mayes' motion.

2

Mayes appealed the district court ruling. The State moved to dismiss the appeal. It argued that the case was moot because Mayes had already been released from prison. Mayes responded, arguing that the appeal was not moot because he was still under postrelease supervision. The Court of Appeals concluded the appeal was not moot and denied the motion.

Several months later, the State again moved to dismiss the appeal, arguing that it was moot because Mayes had completed his sentence. The Court of Appeals issued an unpublished opinion granting the State's motion and dismissing Mayes' appeal as moot without reaching the merits of his illegal sentence claim. *State v. Mayes*, No. 115,006, 2017 WL 543465 (Kan. App. 2017) (unpublished opinion).

Mayes petitioned for this court's review, arguing that the Court of Appeals erred when it dismissed his appeal as moot instead of remanding the case to the district court for a hearing on the merits of his challenge to his criminal history score. Mayes argued that his appeal was not moot because a corrected criminal history score will affect how soon he can legally possess a firearm. We granted review.

ANALYSIS

Mayes presented complicated sentencing challenges in the lower courts. The only question before us is whether the Court of Appeals erred when it dismissed Mayes' case as moot. Mayes avers that his case is not moot because it affects when he can legally possess a firearm. We affirm the Court of Appeals decision, but for a slightly different reason than that on which the panel relied.

We review decisions of mootness de novo. *State v. Roat*, 311 Kan.__, __P.3d__ (No. 113,531, this day decided). "A case is moot when a court determines that 'it is

3

clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.'" *Roat*, No. 113,531, slip op. at 6 (quoting *State v. Montgomery*, 295 Kan. 837, 840-41, 286 P.3d 866 [2012]). The completion of a sentence does not necessarily render a claim moot. *Roat*, No.113,531, slip op. at 16.

The panel concluded that the outcome of the appeal would have no effect on Mayes' sentence because the completion of his sentence meant "[a]ny actual controversy over Mayes' sentence has ended, and remanding for resentencing would be ineffectual for any purpose." *Mayes*, 2017 WL 543465, at *2. As we explain in *Roat*, the application of such a sweeping, bright-line rule is erroneous.

Although we disagree with the panel's broad rule, we affirm its decision to dismiss the case because Mayes failed to offer the Court of Appeals any challenge or response to the State's motion to dismiss. In *Roat,* we caution courts to take due care in analyzing whether a dismissal will affect a party's asserted right, but the party must make such assertion before the panel can perform any analysis. Without a challenge from Mayes, the panel had nothing to consider.

Mayes asserts a right in this court, arguing that we should reverse the Court of Appeals because a decision regarding whether his sentence was illegal will affect when he can legally possess a firearm. We decline to address this argument because Mayes failed to preserve it below. *State v. Owens*, 310 Kan. 865, 877 451 P.3d 467 (2019) (arguments not raised in the Court of Appeals "generally cannot be raised for the first time in a petition for review").

4

CONCLUSION

In sum, although we reject the panel's bright-line rule, we affirm its decision to dismiss Mayes' appeal.

LUCKERT, J., not participating.[1]

JOHNSON, J., not participating.[2]

MICHAEL J. MALONE, Senior Judge, assigned.

---

[1] **REPORTER'S NOTE:**  Senior Judge Michael J. Malone was appointed to hear case No. 115,006 vice Justice Marla J. Luckert under the authority vested in the Supreme Court by K.S.A. 20-2616.

[2] **REPORTER'S NOTE:**  Justice Lee A. Johnson heard oral arguments but did not participate in the final decision in case No. 115,006. Justice Johnson retired effective September 6, 2019