NOT DESIGNATED FOR PUBLICATION

No. 122,153

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESSE L. HARMON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed March 12, 2021. Appeal dismissed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., GARDNER, J., and BURGESS, S.J.

PER CURIAM: Jesse L. Harmon appeals the district court's revocation of his probation and imposition of his underlying sentence. He asks us to vacate the district court's decision and remand for a new hearing. But because Harmon has satisfied both his original sentence and all postrelease supervision, we dismiss his appeal as moot.

*Factual and Procedural Background*

In August 2018, Harmon pleaded guilty to criminal threat, a severity level 9 person felony. In exchange for his plea, the State agreed to drop the remaining charges. The charges stemmed from an incident involving the repossession of Harmon's car. In October 2018, the district court sentenced Harmon to serve six months in prison, suspended to twelve months' probation, with twelve months of postrelease supervision. The district court ordered Harmon to report to a court services officer (CSO) for supervision.

While under supervision, Harmon committed two probation violations. The first occurred in December 2018. The second occurred in January 2019. Harmon's CSO ordered a 48-hour "quick dip" for the first and a 72-hour "quick dip" for the second. Harmon failed to turn himself in or serve that second sanction. In February 2019, the CSO issued a warrant for Harmon's arrest, alleging several probation violations.

In October 2019, the district court held a hearing to consider Harmon's January 2019 probation violations. The CSO asked the district court to revoke Harmon's probation and order him to serve his underlying sentence. The State agreed with the CSO and stated Harmon was "not amenable to probation." The district court told Harmon of his seven probation violations, including allegations that Harmon failed to refrain from the use or possession of drugs or alcohol and that Harmon's urinary sample tested positive for both methamphetamine and amphetamine. Harmon admitted to all seven allegations and waived his right to an evidentiary hearing. The district court ordered Harmon to serve the remainder of his underlying sentence—roughly 60 days, minus 20% for good behavior.

Harmon appealed. Shortly after docketing the appeal, he filed a motion for a summary disposition. The State responded, and while it did not oppose the summary

disposition motion, it argued the appeal was moot because Harmon had completed his sentence and was on postrelease supervision. The State argued that the district court could not place Harmon back on probation after he had served his entire prison sentence. Harmon argued that the issue was not moot because he was still on postrelease supervision which was a part of his sentence. The State complied with Supreme Court Rule 2.042 (2020 Kan. S. Ct. R. 18) by filing a notice of change in custodial status asserting that Harmon had completed serving his sentence, including postrelease supervision. Based on that record, we denied the motion for summary disposition. The parties filed appellate briefs which have assisted our consideration of the issues raised in this appeal.

*Did the District Court Err by Revoking Harmon's Probation?*

On appeal, Harmon argues the district court "violated K.S.A. 22-3716's requirement that a probationer be on Community Correction's probation prior to revocation." He also argues that the district court did not make specific findings on the record to invoke the exception to the community corrections intermediate sanction requirement based on either the public's safety or that the defendant's welfare would not benefit from the intermediate sanction. But Harmon fails to argue any exceptions to mootness.

The State argues this case is moot because Harmon has now satisfied both his prison sentence and postrelease supervision. The State addresses an exception to the mootness doctrine, which provides our appellate courts with the authority to address the merits of an otherwise moot case if it is one of "public importance." Perhaps anticipating that Harmon would assert this exception to the mootness doctrine, the State argues that we should not reach the merits of Harmon's claim because the Kansas Supreme Court has already "resolv[ed] similar issues in analogous situations" (citing *State v. Coleman*, 311 Kan. 332, 333-37, 460 P.3d 828 (2020). The State also argues that resolving this case

would not have a "significant or substantial impact on the body of law surrounding probation revocation without intermediate sanction(s)."

Harmon filed a reply but he does not argue against mootness except to state: "This Court should decide this case because this issue is capable of repetition."

*The State Makes a Prima Facie Case of Mootness*

Generally, Kansas courts do not consider moot questions or render advisory opinions. *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012); see also *State v. Bennett*, 288 Kan. 86, 89, 200 P.3d 455 (2009) (The role of a court is to "'determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive.'"). Thus, an issue on appeal will be dismissed as moot if "'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.'" *Montgomery*, 295 Kan. at 840-41.

The party asserting mootness "bears the initial burden of establishing that the case is moot in the first instance." *State v. Roat*, 311 Kan. 581, 593, 466 P.3d 439 (2020). In a sentencing issue such as this, the State must demonstrate mootness by showing the defendant fully completed the terms of his or her sentence. 311 Kan. at 593. The burden then shifts to the opposing party to show a substantial interest exists that would be impaired by dismissal or that an exception applies. 311 Kan. at 592-93 ("A determination of mootness must . . . include analysis of whether an appellate judgment on the merits would have meaningful consequences for any purpose, including future implications.").

The Kansas Supreme Court recently found that the Kansas Adult Supervised Population Electronic Repository (KASPER) is unreliable evidence, so appellate courts may not rely on it to make factual findings in support of mootness, and a case does not become moot simply because a criminal defendant completed his or her sentence. *State v. Yazell*, 311 Kan. 625, Syl. ¶¶ 1, 3, 465 P.3d 1147 (2020). Later, we held that "[a] written certification from the [Kansas Department of Corrections] records custodian is reliable evidence that may support appellate fact-finding for the limited purpose of deciding whether an appeal is moot." *State v. Castle*, 59 Kan. App. 2d 39, Syl. ¶ 4, 477 P.3d 266 (2020), *petition for rev. filed* December 11, 2020.

Here, the State filed a notice of change in custodial status, attaching a letter dated August 27, 2020, from the sentence computation unit manager of the Kansas Department of Corrections. In that letter, written to the assistant district attorney, she states: "Harmon was discharged from [this case] on June 28, 2020, after satisfying both the 6-month prison sentence imposed and the post-release supervision associated with the case." This appears to be less reliable than Kansas Department of Corrections's certification in *Castle*, yet more reliable than KASPER's printout. Still, we find the letter is reliable enough to meet the State's prima facie case and to shift to the defendant the burden to show that despite the letter he has not fully completed the terms of his sentence, that his substantial interest would be impaired by dismissal, or that an exception to the mootness doctrine applies.

*Harmon Shows No Substantial Interest Impaired by Dismissal.*

Harmon does not contest the State's showing that he has completed all of his sentence. But completion of one's underlying sentence does not automatically render one's case moot. *State v. Mayes*, 311 Kan. 615, 617, 465 P.3d 1141 (2020). Instead, Kansas courts analyze whether dismissal will affect a party's asserted rights. See *Roat*, 311 Kan. at 591. Still, the party complaining that a controversy still exists must assert that

5

argument before the courts can perform any analysis. *Mayes*, 311 Kan. at 617 ("Without a challenge from Mayes, the panel has nothing to consider."). Harmon fails to make this argument here.

Harmon's brief on appeal does not address mootness, even though the State had raised that issue in response to Harmon's motion for summary disposition. And Harmon's reply brief fails to argue a "substantial interest" exists. Rather, Harmon discusses the merits of the case, challenging the State's citation to older caselaw, and arguing that the district court did not apply a legal bypass around the community corrections requirement.

Harmon fails to show that his rights would be harmed if we dismiss this appeal. The district court ordered him to serve his jail sentence. He has since satisfied both his prison sentence and his postrelease supervision. The controversy has ceased and judgment entered would essentially be ineffective for any purpose, so the mootness doctrine requires dismissal. See *Montgomery*, 295 Kan. at 840-41.

*Harmon Shows No Exception to the Mootness Rule.*

Because the mootness doctrine is one of court policy, an exception has been created for issues that are "'capable of repetition and [that] raise[] concerns of public importance.'" 295 Kan. at 841. A matter of a public importance in this context is "'something more than that the individual members of the public are interested in the decision of the appeal from motives of curiosity or because it may bear upon their individual rights or serve as a guide for their future conduct as individuals.'" *Montgomery*, 295 Kan. at 841.

But Harmon has not argued any exception to mootness, and we shall not raise that matter sua sponte. His reply brief states solely: "This Court should decide this case because this issue is capable of repetition." But it is a well-known rule that an appellant

6

waives or abandons any issue not briefed or raised incidentally without analysis. *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019); *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018).

Because Harmon has completed his sentence and does not argue that an exception to the mootness doctrine preserves his claim for appellate review or that dismissal would impair his substantial interest, we dismiss his appeal as moot.

Appeal dismissed.