No. 122,818

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEFFREY ALLEN RANKIN,
*Appellant*.

SYLLABUS BY THE COURT

1.

A criminal defendant can challenge his or her criminal history for the first time on appeal because the misclassification of a prior conviction results in an illegal sentence that can be corrected at any time.

2.

Prior convictions of a crime defined by a statute that has since been determined unconstitutional by an appellate court shall not be used for criminal history scoring purposes.

3.

A criminal defendant will receive the benefit of any change in the law that occurs while the defendant's direct appeal is pending.

4.

The State has the burden to prove a defendant's criminal history.

**5.**

Under K.S.A. 60-412(d), a court taking judicial notice in proceedings after trial shall afford the parties reasonable opportunity to present information relevant to the propriety of taking such judicial notice and to the tenor of the matter to be noticed.

**6.**

Generally, appellate courts do not make factual findings.

Appeal from Barton District Court; RICHARD M. SMITH, judge. Opinion filed April 30, 2021. Remanded with directions.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Douglas A. Matthews*, assistant county attorney, *M. Levi Morris*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., ATCHESON, J., and BURGESS, S.J.

MALONE, J.: Jeffrey Allen Rankin appeals his sentence following his convictions of two counts of sexual exploitation of a child. For the first time in this direct appeal, Rankin challenges his criminal history score, which included a juvenile adjudication for terroristic threat. Because the record at sentencing did not reflect whether his adjudication for terroristic threat stemmed from intentional or reckless conduct, Rankin asserts he may have a right to relief under the holding in *State v. Boettger*, 310 Kan. 800, 822, 450 Kan. 805 (2019), *cert. denied* 140 S. Ct. 1956 (2020).

The State recognizes that remand is generally the remedy in this situation, but it asks this court to take judicial notice of the complaint from Rankin's terroristic threat adjudication and determine that he was adjudicated of the intentional version of the statute. For the reasons stated in this opinion, we decline the State's request to take

judicial notice of any document from the district court and to make factual findings to determine Rankin's criminal history score, and we remand the case to district court to make the appropriate findings.

On February 1, 2018, Rankin pled guilty to two counts of sexual exploitation of a child in exchange for dismissal of other charges. The presentence investigation (PSI) report revealed that Rankin had a criminal history score of B, based in part on a 1983 Barton County juvenile person adjudication for terroristic threat. The presumptive sentence for Rankin's primary offense was 114-120-128 months' imprisonment.

At the sentencing hearing on April 24, 2018, Rankin did not object to his criminal history score. The district court sentenced Rankin to 128 months' imprisonment for his primary offense and a consecutive term of 34 months' imprisonment on the other count for a controlling sentence of 162 months' imprisonment with lifetime postrelease supervision. Rankin timely appealed his sentence. There was a delay in appointing appellate counsel and the appeal was not docketed until April 2020.

ANALYSIS

Rankin claims, for the first time on appeal, that the district court erred in calculating his criminal history score. Rankin correctly asserts that he can raise a challenge to his criminal history score for the first time on appeal. See *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2016) (stating the misclassification of a prior conviction results in an illegal sentence that can be corrected at any time).

Under the revised Kansas Sentencing Guidelines Act (KSGA), a defendant's sentence depends on the crime of conviction and the defendant's criminal history score.

K.S.A. 2020 Supp. 21-6804(d). "Prior convictions of a crime defined by a statute that has since been determined unconstitutional by an appellate court shall not be used for criminal history scoring purposes." K.S.A. 2020 Supp. 21-6810(d)(9). In October 2019, while Rankins' direct appeal was pending, the Kansas Supreme Court held "the portion of K.S.A. 2018 Supp. 21-5415(a)(1) allowing for a conviction if a threat of violence is made in reckless disregard for causing fear causes the statute to be unconstitutionally overbroad because it can apply to statements made without the intent to cause fear of violence." *Boettger*, 310 Kan. at 822.

Citing these rules, Rankin argues that because his criminal history score included a 1983 juvenile adjudication for terroristic threat, which he claims is a prior version of the criminal threat statute, and the PSI does not show whether the adjudication stemmed from the intentional or wanton disregard version of the offense, his case must be remanded for resentencing. The State agrees with Rankin's summary of the applicable rules and his assertion that *Boettger* applies but disagrees that remand is necessary.

Classification of prior convictions for criminal history purposes involves statutory interpretation of the KSGA. Statutory interpretation is a question of law subject to unlimited review. *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018).

Rankin is correct that he may receive the benefit of *Boettger*, a change in the law, because it occurred while his direct appeal was pending. See *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019) (stating that in a direct appeal, a defendant will receive the benefit of any change in the law that occurs while the direct appeal is pending). Rankin also correctly asserts that although he was adjudicated for "terroristic threat," the crime was later renamed "criminal threat" using almost the exact language as the crime of terroristic threat. Compare K.S.A. 1992 Supp. 21-3419 (defining terroristic threat) with K.S.A. 1993 Supp. 21-3419 (defining criminal threat).

4

*Boettger*'s holding applies to Rankin's adjudication for terroristic threat if he was adjudicated of the reckless or wanton version of the statute. Resolution of this issue might affect Rankin's sentence. If Rankin's adjudication for terroristic threat is based on the unconstitutional version of the statute and is removed from his criminal history, he will have a criminal history score of C, with a presumptive sentence for the primary offense of 53-57-60 months' imprisonment.

The State has the burden to prove a defendant's criminal history. K.S.A. 2020 Supp. 21-6814(c); *State v. Obregon*, 309 Kan. 1267, 1275, 444 P.3d 331 (2019). When the district court sentenced Rankin in April 2018, *Boettger* had yet to be decided, and there was no dispute over whether Rankin was adjudicated of the intentional or reckless version of terroristic threat. As a result, the State did not prove which version of the crime applied to Rankin. Because the PSI does not provide the answer, this court would generally remand for resentencing, directing the district court to apply the "'modified categorical approach'"—which allows the examination of "'charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms'"—to determine which statutory alternative was the basis for conviction. *Obregon*, 309 Kan. at 1274 (discussing the modified categorical approach in relation to classifying out-of-state crimes).

The State recognizes that remand is generally the remedy in this situation. But the State asks this court to take judicial notice of the complaint from Rankin's terroristic threat adjudication in Barton County case No. 83JV61, which it included in the record on appeal, and determine that he was adjudicated of the intentional version of the statute "to avoid an unnecessary remand and a waste of judicial resources." The State points to a copy of the complaint that charged Rankin with terroristic threat and alleged that he acted "willfully" with the "intent to cause the evacuation of a building."

5

K.S.A. 60-409(b)(4) provides that a court may take judicial notice of "specific facts and propositions of generalized knowledge which are capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy." Under this statute, a district court has the power to take judicial notice of its own records. *State v. Lowe*, 238 Kan. 755, 759, 715 P.2d 404 (1986). Thus, the Barton County District Court that sentenced Rankin can take judicial notice of the records in his 1983 Barton County juvenile case. K.S.A. 60-412(c) states that a reviewing court in its discretion "may take judicial notice of any matter specified in K.S.A. 60-409 whether or not judicially noticed by the judge." Thus, this court can take judicial notice of a matter not noticed below. But in taking judicial notice in proceedings after trial, a court "shall afford the parties reasonable opportunity to present information relevant to the propriety of taking such judicial notice and to the tenor of the matter to be noticed." K.S.A. 60-412(d).

The State does not acknowledge K.S.A. 60-412(d) or point to any authority that would support this court taking judicial notice of a complaint in support of a criminal history determination for the first time on appeal. Our independent research reveals that in the few instances when an appellate court has taken judicial notice under K.S.A. 60-412, the parties either were given a chance to address the propriety of the court taking judicial notice or both parties requested the fact be judicially noticed. See, e.g., *Gannon v. State*, 305 Kan. 850, 903, 390 P.3d 461 (2017) (taking judicial notice after both parties requested such in their briefs and at oral arguments); *State v. Schad*, 41 Kan. App. 2d 805, 821, 206 P.3d 22 (2009) (stating that before taking judicial notice, the court afforded both parties reasonable opportunity to respond and neither side objected).

The State is essentially asking this court to serve as fact-finder to resolve whether Rankin's juvenile adjudication for terroristic threat stemmed from intentional or reckless conduct. "Generally, appellate courts do not make factual findings." *State v. Yazell*, 311 Kan. 625, 627, 465 P.3d 1147 (2020). In *Yazell*, our Supreme Court acknowledged that an appellate court must sometimes make factual findings necessary to confirm a change

6

in circumstances that a party has alleged renders an appeal moot. 311 Kan. at 628. Even in those circumstances, "appellate courts must carefully scrutinize the reliability of evidence before making the rare finding of fact." 311 Kan. at 628.

Here, the State is asking this court to make factual findings beyond what is necessary to resolve a mootness issue. Although this court *can* take judicial notice of the original complaint in Barton County case No. 83JV61, we observe that this evidence alone does not necessarily resolve whether Rankin's juvenile adjudication for terroristic threat was based on the intentional or reckless version of the statute; the original complaint may have been amended later in the proceedings. Rankin should receive a full hearing in district court to resolve the issue. At such a hearing the district court should consider all available records in case No. 83JV61 including the original and any amended charging documents, any plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and the journal entry of adjudication. See *Obregon*, 309 Kan. at 1274 (addressing documents the district court may consider in applying modified categorical approach to determine a defendant's criminal history).

Thus, we decline the State's request to take judicial notice of the complaint from Rankin's terroristic threat adjudication in Barton County case No. 83JV61 to determine whether Rankins's adjudication for terroristic threat was based on the intentional or reckless version of the statute. Instead, we remand the case to district court to make this determination and to resentence Rankin if the State is unable to show that his juvenile adjudication for terroristic threat was based on the intentional version of the statute.

Remanded with directions.

7