NOT DESIGNATED FOR PUBLICATION

No. 123,106

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

SHAUN MICHAEL BROWN,
*Appellant.*

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed September 10, 2021. Appeal dismissed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*W. Brad Sutton*, assistant county attorney, *Jeff Ebel*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., HILL and ISHERWOOD, JJ.

PER CURIAM: On appeal from the revocation of his probation, Shaun Michael Brown argues that his underlying sentence is possibly illegal because the State neglected to independently offer sufficient evidence to support the propriety of converting his three prior misdemeanor offenses to a single person felony for criminal history purposes. Brown also asserts that the district court abused its discretion by revoking his probation rather than allow him more time on probation to re-enter drug abuse treatment. Given that Brown has satisfied his sentence and he has failed to show the dismissal of his appeal

would lead to impairment of a substantial interest, we conclude the issues raised are moot. Brown's appeal is dismissed.

FACTUAL AND PROCEDURAL BACKGROUND

Shaun Michael Brown pled guilty to attempted aggravated battery, interference with a law enforcement officer, and theft for acts he committed in May 2019. The district court accepted Brown's pleas and convicted him of these crimes.

A presentence investigation (PSI) report revealed that Brown had a criminal history score of B, based on one prior person felony conviction and the conversion of three prior person misdemeanor convictions. The district court granted Brown's motion for a downward dispositional departure and placed him on probation for 12 months, with an underlying prison sentence of 14 months, followed by 12 months of postrelease supervision.

A few months after sentencing, the State alleged that Brown did not report to his probation officer or refrain from violating the law and moved to revoke his probation. Brown stipulated to the State's allegations, and the district court ordered Brown to serve a five-day jail sanction. The court permitted Brown to resume probation upon completion of his sanction but ordered an extension of his probation term by requiring that he serve a full 12 months once released.

Not long after, the State filed its second motion to revoke and alleged Brown committed a series of drug related technical violations, as well as several new crimes, which were also largely drug related offenses.

Following an evidentiary hearing, the district court determined that Brown violated his probation in the manner alleged in the State's motion to revoke and that he

acquired a new conviction while on probation. Noting Brown's initial sentence resulted from a dispositional departure, the court revoked Brown's probation under K.S.A. 2018 Supp. 22-3716(c)(9)(B) and ordered Brown to serve his 14-month prison sentence followed by 12 months of postrelease supervision.

Brown timely appeals, challenging the accuracy of his criminal history score and the reasonableness of the district court's decision to revoke his probation. Brown completed the prison and postrelease portions of his sentence during this appeal. Because that term is expired and he has failed to carry his burden to reveal that an actual, specific controversy remains in his case, his issues are moot and his appeal is dismissed.

ANALYSIS

IS REMAND REQUIRED TO ENSURE BROWN'S CRIMINAL HISTORY PROPERLY INCLUDED
HIS PRIOR MISDEMEANOR OFFENSES?

For the first time on appeal, Brown argues that the State failed to prove he was represented by counsel or otherwise waived that right when he was convicted of his prior misdemeanor offenses in a municipal court. From this, Brown asserts that the State failed to prove his criminal history by a preponderance of the evidence as statutorily required and as directed by *State v. Obregon*, 309 Kan. 1267, Syl. ¶ 4, 444 P.3d 331 (2019), and *State v. Ewing*, 310 Kan. 348, Syl. ¶ 4, 446 P.3d 463 (2019). See K.S.A. 2020 Supp. 21-6814(b). Brown also contends that because the PSI report listed "Salina Municipal Court Records" and "Prior PSIs" as the source of the information provided for the convictions, it triggered an obligation for the State to attach prior PSI reports or journal entries to his current report to verify the legal effect of that information. K.S.A. 2020 Supp. 21-6813(b)(5).

The State responds by arguing that this issue is moot because Brown has finished serving his sentence. Alternatively, the State maintains that the issue should still be

3

dismissed because Brown admitted to his criminal history at sentencing and fails to effectively show that he received an illegal sentence, citing *State v. Roberts*, No. 121,682, 2020 WL 5268197, at \*4 (Kan. App. 2020) (unpublished opinion), *rev. granted* 312 Kan. 899 (2021). Brown acknowledged *Roberts* in his brief but asserts that it was wrongly decided because it disregarded the rule announced in *Obregon* and misinterpreted the argument the appellant raised in that appeal. Brown did not respond to the State's assertion that his issues are moot.

We find the State provided reliable evidence that reflects Brown is no longer serving his sentence and, therefore, sufficiently established its mootness claim. Brown did not respond to the State's mootness assertion claim. Thus, he failed to sustain his burden to show that dismissal of his appeal would lead to impairment of a meaningful interest.

*Preservation*

Although it alternatively argues that Brown waived his criminal history challenge by admitting to the accuracy of the score at sentencing, it is not the State's position that Brown is precluded from challenging his criminal history score for the first time on appeal. See *State v. Rankin*, 60 Kan. App. 2d 60, Syl. ¶ 1, 489 P.3d 471 (2021) ("A criminal defendant can challenge his or her criminal history for the first time on appeal because the misclassification of a prior conviction results in an illegal sentence that can be corrected at any time."); see also K.S.A. 2020 Supp. 21-6820(e)(3) (appellate court may review a claim challenging the classification of a prior conviction for criminal history purposes); *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2016) ("[W]here there has been a misclassification of a prior conviction, the resulting sentence is illegal and can be corrected at any time pursuant to K.S.A. 22-3504."); K.S.A. 2020 Supp. 22-3504(a) ("The court may correct an illegal sentence at any time while the defendant is serving such sentence.").

The Legislature recently amended K.S.A. 22-3504, the statute governing correction of illegal sentences. K.S.A. 2020 Supp. 22-3504(a) now reads: "(a) The court may correct an illegal sentence at any time while the defendant is serving such sentence." A new subsection, K.S.A. 2020 Supp. 22-3504(d), states: "The amendments made to this section by this act are procedural in nature and shall be construed and applied retroactively." L. 2019, ch. 59, § 15. This amendment relates to statutory authority to file a motion to correct an illegal sentence. *State v. Roat*, 311 Kan. 581, 602, 466 P.3d 439 (2020). In this case, Brown properly raised his criminal history challenge while he was serving his sentence.

*Standard of Review and Basic Legal Principles*

Classification of prior convictions for criminal history purposes involves interpretation of the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2020 Supp. 21-6801 et seq. When that scheme is at issue, it presents an issue of statutory interpretation which is a question of law, subject to unlimited review. *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018).

When a defendant challenges the accuracy of his or her criminal history score, the State bears the burden to establish that criminal history by a preponderance of the evidence. See K.S.A. 2020 Supp. 21-6814; *Ewing*, 310 Kan. at 359. On appeal from claims alleging insufficiency in this regard, we determine whether substantial competent evidence supports the district court's finding that the State met this burden. *Obregon*, 309 Kan. at 1275.

A case is moot when a court determines that "'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.'" *State v. Montgomer*y, 295 Kan. 837, 840-41, 286 P.3d 866 (2012). "Generally, Kansas appellate

courts do not decide moot questions or render advisory opinions." *State v. Tracy*, 311 Kan. 605, 607, 466 P.3d 434 (2020). Mootness is a discretionary policy used to avoid unnecessary issues but allows a court to "'determine real controversies relative to the legal rights of persons and properties which are actually involved in a particular case brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive.'" *Roat*, 311 Kan. at 590. The applicability of the doctrine presents a question of law over which this court exercises unlimited review. 311 Kan. at 590.

*The Respective Burdens Borne by the Parties in Claims Involving Mootness*

The State—as the party asserting mootness—"bears the initial burden of establishing that the case is moot in the first instance." *Roat*, 311 Kan. at 593. After the State makes such a showing by establishing that the defendant completed the terms and conditions of their sentence, "the burden shifts to the defendant to show the existence of a substantial interest that would be impaired by dismissal or that an exception to the mootness doctrine applies." 311 Kan. at 593; *State v. Castle*, 59 Kan. App. 2d 39, 47, 477 P.3d 266 (2020), *rev. denied* 313 Kan. __ (March 31, 2021).

*The State provided sufficient evidence establishing Brown completed his sentence and thus successfully made a prima facie case of mootness.*

Our Supreme Court recently found that the Kansas Adult Supervised Population Electronic Repository (KASPER) is unreliable evidence and held that appellate courts may not rely on it to make factual findings in support of mootness. *State v. Yazell*, 311 Kan. 625, Syl. ¶ 1, 465 P.3d 1147 (2020). This court later determined that "[a] written certification from the [Kansas Department of Corrections (KDOC)] records custodian is reliable evidence that may support appellate fact-finding for the limited purpose of deciding whether an appeal is moot." *Castle*, 59 Kan. App. 2d 39, Syl. ¶ 4. And in *State v. Harmon*, No. 122,153, 2021 WL 936070, at *3 (Kan. App. 2021) (unpublished

6

opinion), a panel of this court found that a letter from the sentence computation unit manager of the KDOC was similarly, though somewhat less, reliable for the same limited purpose.

Here, the State filed a notice of change in custodial status under Supreme Court Rule 2.042 (2020 Kan. S. Ct. R. 18) and attached a letter much like that approved of in *Harmon*. The State later filed an amended notice, and again attached that letter, as well as a KDOC certification like the one considered reliable in *Castle*. The *Harmon*-type letter stated that Brown finished serving the prison portion of his sentence and began serving postrelease supervision in January 2021: "Shaun Michael Brown, KDOC #108401 satisfied the prison portion of the sentence associated with the above referenced Saline County case on January 19, 2021 and was released to serve the post-release supervision period associated with the case." The "Certification of Time Served," which is much like that seen as acceptable in *Castle*, was signed by the "legal keeper of all official records and files of the Office of the Secretary of Corrections," and likewise it stated that Brown was released from prison on January 19, 2021. These documents constitute reliable evidence and are enough to sustain the State's burden to establish that Brown is no longer serving his prison sentence for purposes of simply establishing whether this appeal is moot. Cf. *Castle*, 59 Kan. App. 2d at 47. It appears that Brown has likewise satisfied the postrelease portion of his sentence while awaiting resolution of his appeal.

*Brown fails to carry his burden to establish that an actual controversy remains despite completion of his sentence or that dismissal would impair a substantial interest.*

The expiration of a defendant's sentence does not necessarily render an appeal moot because "litigants must have some effective means to vindicate injuries suffered to their rights without being shut out of court." *Roat*, 311 Kan. at 591 (citing *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S. Ct. 2179, 153 L. Ed. 2d 413 [2002]). Thus, "it is the policy and the obligation of the state to furnish and of the courts to give every litigant his

day in court and a full and ample opportunity to be heard." *State ex rel. Stephan v. O'Keefe*, 235 Kan. 1022, 1027, 686 P.2d 171 (1984). Our appellate courts have recognized that a "determination of mootness must . . . include analysis of whether an appellate judgment on the merits would have meaningful consequences for any purpose, including future implications." *Roat*, 311 Kan. at 592-93. We must also consider whether a potentially moot issue meets at least one of these requirements to determine its reviewability:  "(1) [the issue] is of statewide interest and of the nature that public policy demands a decision, such as those issues that would exonerate the defendant; (2) remains a real controversy; or (3) is capable of repetition." *State v. Hollister*, 300 Kan. 458, 467, 329 P.3d 1220 (2014); *State v. Hollinshed*, No. 121,706, 2020 WL 5849361, at *1 (Kan. App. 2020) (unpublished opinion), *rev. denied* 313 Kan. __ (August 10, 2021). But it is the defendant's burden to show "the existence of a meaningful interest that would be impaired by dismissal." 311 Kan. at 593. See also *State v. Mayes*, 311 Kan. 615, 617, 465 P.3d 1141 (2020) ("Without a challenge from Mayes, the panel has nothing to consider."); *State v. Yazell*, No. 116,761, 2021 WL 402078, at *5-8 (Kan. App. 2021) (unpublished opinion) (addressing several claims that could have conceivably been raised but still failed to prevent dismissal of moot appeal).

Brown does not argue that a meaningful interest or asserted right exists which would be impaired by dismissal of his appeal. He also does not argue that an exception to the mootness doctrine applies to his case. See *State v. Kinder*, 307 Kan. 237, 244, 408 P.3d 114 (2018) (exception to mootness doctrine applies for cases that are otherwise moot but raise issues capable of repetition and present concerns of public importance); see also *Roat*, 311 Kan. at 590 (finding mootness a prudential doctrine subject to exceptions and therefore not a jurisdictional issue). He simply contends that his PSI report does not specifically reflect that he enjoyed the benefit of counsel during his prior municipal cases or that he otherwise waived that right. Brown alleges that this leads to the possibility of an illegal sentence, therefore, remand is necessary to investigate and resolve the issue.

8

K.S.A. 2020 Supp. 21-6814(b) states:

"Except to the extent disputed in accordance with subsection (c), the summary of the offender's criminal history prepared for the court by the state shall satisfy the state's burden of proof regarding an offender's criminal history."

The record before us reflects that Brown did not advance a challenge against his criminal history at sentencing. To the contrary, he assured the court that he had reviewed his score with his attorney and the PSI report was accurate. The State only had the burden to provide evidence to substantiate the issue Brown now raises even if he articulated a challenge at the time of sentencing. He did not.

Notably, Brown does not contend that he was truly denied the benefit of counsel for those convictions. He merely speculates that it is a possibility his rights were compromised because the State did not take affirmative steps to independently prove such representation occurred. An argument of this nature cannot establish the continued existence of a real controversy and overcome the specter of mootness hanging over his case. "Litigants must do more than mention speculative rights; they must give substance to their arguments when asserting that protection of collateral rights necessitates resolution of their underlying appellate issues." *Roat*, 311 Kan. at 601. The predicate claim must be described well enough to show that the arguable nature of the underlying claim is "more than just 'hope.'" *Roat*, 311 Kan. at 597 (quoting *Christopher*, 536 U.S. at 416). Brown fails to meet this requirement and thus provides no justifiable reason that this court should review the merits of this issue. It is not incumbent upon this court to ferret out the possible specifics of his claim. In short, Brown has deprived us of the tools needed to justify an appellate determination of the correctness of the sentence he has fully served.

The States advances the alternative argument that dismissal is also appropriate because Brown admitted to his criminal history at sentencing and fails to effectively

9

prove that he received an illegal sentence. Brown also raised the added claim that the district court abused its discretion in revoking his probation. Because we have already concluded that Brown's case is moot, we decline to delve into the merits of either of these two issues.

Appeal dismissed.