NOT DESIGNATED FOR PUBLICATION

No. 123,456

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

BRANDON S. TALLCHIEF,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC A. COMMER, judge. Opinion filed December 10, 2021. Appeal dismissed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ATCHESON, P.J., CLINE and HURST, JJ.

PER CURIAM: Brandon S. Tallchief appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. This court granted Tallchief's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State filed a response. Since filing his notice of appeal, Tallchief concedes that he served his sentence. This court cannot grant Tallchief's request for relief because he completed his sentence and asserts no meaningful consequence or future interest that would be impaired by dismissal of his appeal as moot.

1

FACTUAL AND PROCEDURAL BACKGROUND

Tallchief pled guilty to three counts of domestic battery. The district court sentenced him to six months in jail on each count to be served concurrently, but instead of jail imposed the same amount of probation. Later, the State alleged Tallchief violated the terms of his probation by committing new crimes and failing to comply with his no-contact order. Tallchief admitted the violations and the district court revoked his probation, ordering Tallchief "[t]o serve the balance of his 6 month sentence in jail."

DISCUSSION

Tallchief argues that the district court abused its discretion in ordering him to serve his underlying sentence rather than reinstating probation. However, he concedes that he has satisfied his full sentence in this case and that his appeal is likely moot. The State agrees that Tallchief has satisfied his sentence and asserts that his appeal is moot because he cannot obtain the relief he requests—the imposition of probation.

Generally, Kansas appellate courts do not decide moot questions or render advisory opinions. *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). An issue is moot if "'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.'" 295 Kan. at 840-41. Mootness is a prudential court doctrine, so appellate review is unlimited. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012).

Here, both parties agree that Tallchief has served his sentence. But our Kansas Supreme Court held that an appeal cannot be dismissed as moot simply because a defendant has completed their sentence. *State v. Roat*, 311 Kan. 581, 592, 466 P.3d 439 (2020). Instead, "a determination of mootness must . . . include analysis of whether an appellate judgment on the merits would have meaningful consequences for any purpose,

2

including future implications." 311 Kan. at 592. However, if a party fails to assert meaningful consequences or future implications precluding dismissal, then the case may be dismissed as moot. See *State v. Mayes*, 311 Kan. 615, 617, 465 P.3d 1141 (2020) (dismissing case when the defendant served the entire sentence and asserted no right that would be affected by dismissal).

Tallchief concedes that his case is moot and he advances no interest that would be impaired by dismissal. Even if this court addresses the merits of Tallchief's appeal and is persuaded, this court could not grant his request for probation because he has served his sentence. See *State v. Kinder*, 307 Kan. 237, 243, 408 P.3d 114 (2018) (stating that a defendant in a criminal case cannot be placed on probation if they have served the underlying term of the sentence). For these reasons, this court dismisses Tallchief's appeal as moot.

Appeal dismissed.