NOT DESIGNATED FOR PUBLICATION

Nos. 123,849
123,850

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHEYENNE MARIE WATTS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; TIMOTHY P. MCCARTHY, judge. Opinion filed February 11, 2022. Appeal dismissed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before GREEN, P.J., ATCHESON and HURST, JJ.

PER CURIAM: Cheyenne Watts has appealed the Johnson County District Court's decision to revoke her probation in two cases. We consolidated the cases on appeal and granted Watts' motion for summary disposition under Supreme Court Rule 7.041A (2021 Kan. St. Ct. R. at 48). On appeal, Watts argues the district court abused its discretion when it imposed her modified underlying sentences after revoking her probation. The State has since filed a notice of custodial change under Supreme Court Rule 2.042 (2021 Kan. S. Ct. R. at 18), showing Watts has completed the prison sentences in both cases. Criminal defendants who have served the incarceration portion of their sentences cannot be placed on probation. Cf. *State v. Kinder*, 307 Kan. 237, 238, 408 P.3d 114 (2018)

1

("[P]robation cannot be imposed after the full sentence of confinement has been served."). A wrongful revocation of probation becomes moot at that point, and absent an exception to the mootness doctrine, such an appeal typically should be dismissed. In response to our request, Watts has acknowledged the appeal to be moot and states dismissal would be appropriate. We have independently examined Watts' circumstances and agree. We, therefore, dismiss this appeal as moot.

Watts was charged in two separate cases for offenses committed in 2015. She entered into an agreement with the State to dispose of the cases under which she pleaded guilty to one count of attempted robbery in one case and to two counts of identity fraud in the other. In September 2016, the district court sentenced Watts to an underlying prison term of 19 months with 24 months of probation on the attempted robbery conviction and an underlying prison term of 16 months with 24 months of probation for each identity fraud conviction. The district court ordered Watts to serve the sentences consecutively.

Watts did not fare especially well on probation. We need not detail her various violations for purposes of this appeal. The district court held hearings in June 2016, August 2020, and February 2021. The district court imposed sanctions and a probation extension for the violations in 2016 and 2020. At the last hearing, the district court found new violations, revoked Watts' probation, and ordered her to serve the underlying prison sentences concurrently rather than consecutively. Watts has appealed the revocation.

In late September 2021, the State filed a notice under Rule 2.042 and attached a certification of time served issued by the Kansas Department of Corrections showing Watts had completed her prison sentences in both cases. We have since issued a show cause order that requested the parties address why Watts' appeal of the probation revocation should not be dismissed as moot under the circumstances. Both the State and Watts have now responded. They agree the appeal is moot, and neither has suggested a legal basis for retaining the appeal.

Whether an issue is moot is a legal question subject to de novo review on appeal. *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020); *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012). In explaining the mootness doctrine, the Kansas Supreme Court has said: "Kansas appellate courts do not decide moot questions or render advisory opinions." *State v. Tracy*, 311 Kan. 605, 607, 466 P.3d 434 (2020); *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). An appeal may be dismissed as moot if "it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights." *Tracy*, 311 Kan. at 608; *Roat*, 311 Kan. at 584. As a discretionary policy, courts use the mootness doctrine to avoid unnecessary issues but allow a court to consider an issue "when judicial economy would benefit from a decision on the merits." 311 Kan. at 587.

In *Roat*, the Kansas Supreme Court stated cases are not necessarily moot because a defendant seeks review of a completed sentence. Rather, the analysis includes a determination of "whether an appellate judgment on the merits would have meaningful consequences for any purpose, including future implications." 311 Kan. at 592-93. But the State may "establish a prima facie showing of mootness by demonstrating that the defendant has fully completed the terms and conditions of his or her sentence." *Roat*, 311 Kan. at 593; see also *State v. Kincaid*, No. 122,663, 2021 WL 2386017, at *3 (Kan. App. 2021) (unpublished decision) (dismissal when the defendant continues to challenge the revocation of probation after completing the underlying prison sentence).

By providing this court with the appropriate notice, the State has met its burden to establish the case is moot, shifting the burden to Watts to identify either a substantial interest of hers that would be impaired if the appeal were dismissed or an issue of great public importance that would be left unresolved. See *Roat*, 311 Kan. at 593.

Watts has not pointed to a personal interest of hers or to a substantial issue of public interest arising from her cases that would warrant retaining this appeal. Having examined the appellate record, we see no obvious reason to do so. The appeal appears to present a quotidian probation revocation entrusted to the district court's exercise of sound judicial discretion. We can now grant no meaningful relief to Watts, even if her probation were improperly revoked (and we have made no determination on that issue one way or the other). That is the very definition of a moot appeal we should decline to consider. See *State v. Mayes*, 311 Kan. 615, 617, 465 P.3d 1141 (2020) (dismissing case when the defendant served the entire sentence and asserted no right that would be affected by dismissal).

Appeal dismissed as moot.