No. 121,380

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JASON FLOYD CASTLE,
*Appellant*.

SYLLABUS BY THE COURT

1.

The determination of whether a case is moot is subject to unlimited review by an appellate court.

2.

A case is moot when a court determines that it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.

3.

The Kansas Supreme Court has acknowledged that an appellate court must sometimes make factual findings necessary to confirm a change in circumstances that a party has alleged renders an appeal moot. But an appellate court must carefully scrutinize the reliability of evidence before considering it a basis for appellate fact-finding.

4.

A written certification from the Kansas Department of Corrections records custodian is reliable evidence that may support appellate fact-finding for the limited purpose of deciding whether an appeal is moot.

1

5.

A defendant's release from custody does not always establish mootness in a sentencing appeal. An appellate court must also look to other factors to determine whether judgment would be ineffectual for any purpose. But the burden is on the defendant to show the existence of a substantial interest that would be impaired by dismissal or that an exception to the mootness doctrine applies.

Appeal from Jackson District Court; NORBERT C. MAREK JR., judge. Opinion filed November 6, 2020. Appeal dismissed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., MALONE, J., and WALKER, S.J.

MALONE, J.:  In this direct sentencing appeal, Jason Floyd Castle claims the district court erred by classifying his two prior California convictions of sex crimes as person felonies when calculating his criminal history score. The State disagrees and argues that Castle's release from prison moots this appeal. To support its mootness claim, the State has filed with this court a notice of change in custodial status under Kansas Supreme Court Rule 2.042 (2020 Kan. S. Ct. R. 18) with a written certification from the Kansas Department of Corrections (KDOC) records custodian stating Castle has been released from custody. Castle contends the State has failed to meet its burden to show he is released from custody, but he does not otherwise argue that his appeal is not moot.

The Kansas Supreme Court has acknowledged that an appellate court must sometimes make factual findings necessary to confirm a change in circumstances that a party has alleged renders an appeal moot. We hold that a written certification from the KDOC records custodian is reliable evidence that may support appellate fact-finding for

2

the limited purpose of deciding whether an appeal is moot. Without any evidence offered by Castle challenging the accuracy of the information in the KDOC certification, we accept the written certification as reliable evidence sufficient to show that Castle is no longer in prison. Because Castle is now on postrelease supervision and he makes no claim that his appeal challenging his criminal history score has an impact on his current or future rights, we dismiss his appeal as moot.

FACTUAL AND PROCEDURAL BACKGROUND

On January 24, 2019, pursuant to a plea agreement, Castle pled no contest to one count of possession of methamphetamine and the district court found him guilty. The presentence investigation report showed a criminal history score of B based on California convictions in 2002 for rape and oral copulation, which were scored as person felonies. Castle filed a written objection to his criminal history score, arguing that the California crimes should not be classified as person felonies because the elements of those crimes were broader than the comparable Kansas offenses. If the district court classified the California crimes as nonperson felonies, Castle's criminal history score would be F, leading to presumptive probation instead of a presumptive prison sentence.

The district court held a sentencing hearing on May 24, 2019, and Castle renewed his objection to his criminal history score. The district court overruled Castle's objection to his criminal history score but granted his motion for a downward durational departure and sentenced him to 17 months' imprisonment and 12 months' postrelease supervision. The term of Castle's sentence was the same that he would have received with a criminal history score of F, but the district court imposed the presumptive imprisonment based on Castle's criminal history score of B. Castle timely appealed his sentence.

*Proceedings on appeal*

This appeal was docketed on June 19, 2019. Castle filed his appellate brief on December 30, 2019, claiming the district court erred by classifying his California convictions of sex crimes as person felonies when calculating his criminal history score. Castle asked to be resentenced under a criminal history score that would allow for presumptive probation. The State filed its appellate brief on April 9, 2020, arguing that the district court did not err in sentencing Castle. The State also asserted that Castle's earliest date of release from prison was April 25, 2020, so this appeal "will likely become moot a few weeks after the State completes its brief." The State argued that "once Castle has served his entire prison sentence, he cannot obtain relief." Castle did not file a reply brief or otherwise respond to the State's mootness argument.

On April 28, 2020, the State filed a "Notice of Change in Custodial Status," alleging that according to the KDOC website, commonly called KASPER, Castle was placed on postrelease supervision on April 24, 2020, so this appeal is moot. On June 8, 2020, this court ordered Castle to show cause why the appeal should not be dismissed as moot. But on June 23, 2020, before Castle responded, this court withdrew its order because of the Kansas Supreme Court's June 19, 2020 decisions in *State v. Roat*, 311 Kan. 581, 466 P.3d 439 (2020), and *State v. Yazell*, 311 Kan. 625, 465 P.3d 1147 (2020). We will address those decisions in detail in this opinion.

Five days after the Kansas Supreme Court issued its opinions in *Yazell* and *Roat*, the State filed a second "Notice of Change in Custodial Status," arguing that its previous notice was accurate and attaching a "Certification of Time Served" the State had obtained from the KDOC that stated Castle was released on "[p]arole" on April 24, 2020. The certification included the following signed statement:

"I, the undersigned Vickie Belanger, of lawful age being duly sworn, do hereby, declare and certify that I am designated as a Public Service Administrator for the Kansas Department of Corrections and by virtue of my said office I am the legal keeper of all official records and files of the Office of the Secretary of Corrections. The foregoing is true and correct information from the records of: **CASTLE, Jason F. KDOC# 122171**."

On June 30, 2020, this court ordered Castle to show cause why this court should not dismiss his appeal as moot. In his response, Castle contended that the State had failed to meet its burden under *Yazell* to prove his release. Castle also pointed out that Kansas Supreme Court Rule 5.05(b) (2020 Kan. S. Ct. R. 32) addresses involuntary dismissals and states: "If dismissal depends on an issue of fact, the appellate court may remand the case to the district court with direction to make findings of fact." Thus, Castle argued, if mootness depends on his custodial status, it depends on a question of fact, so this court should remand to the district court for an evidentiary hearing.

The State replied to Castle's response, complaining that if the KDOC certification is insufficient under *Yazell*, the State "is unclear how it can ever avoid an evidentiary hearing on whether a case is moot." After noting that Castle's counsel did "nothing to refute the fact that [Castle] is not in prison," the State argued that remand for an evidentiary hearing on a fact that is not disputed would waste judicial resources. The State asked that this court hold any necessary evidentiary hearing itself and order Castle's appellate counsel to represent him at any such hearing.

In minute orders dated July 15, 2020, this court noted the response and reply, retained the appeal, and stated: "The panel of judges assigned to this case may revisit the issue of mootness." On August 31, 2020, the State filed a "Motion to Determine if an Evidentiary Hearing is Needed to Decide if Castle Remains in Prison." This motion informed this court that "what the State actually wants is a ruling by this Court on whether an evidentiary hearing is required that can be reviewed by the Kansas Supreme Court." The State sought clarification on whether the KDOC certification was sufficient

to establish Castle's custodial status, "either in an order making the finding of the court clear or in the court's decision on this appeal."

Castle responded to the motion, arguing that an evidentiary hearing in this court would be improper because this court is not a fact-finding court. On September 9, 2020, this court issued an order stating the hearing panel would address the issue in its opinion.

## IS THE APPEAL MOOT?

Castle's substantive claim on appeal is that the district court erred by classifying his two prior California convictions of sex crimes as person felonies when calculating his criminal history score. But the State claims the appeal is moot because Castle has been released from prison. The determination of whether a case is moot is subject to unlimited review by an appellate court. *Roat*, 311 Kan. at 590.

> "A case is moot when a court determines that '"it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights."'
>
> . . . .
>
> "The party asserting mootness generally bears the initial burden of establishing that a case is moot in the first instance. In an appeal solely challenging a sentence, the party asserting mootness may establish a prima facie showing of mootness by demonstrating that the defendant has fully completed the terms and conditions of his or her sentence. The burden then shifts to the party opposing the mootness challenge to show the existence of a substantial interest that would be impaired by dismissal or that an exception to the mootness doctrine applies. [Citations omitted.]" *Roat*, 311 Kan. at 584, 593.

To support its claim that Castle has been released from prison, the State has filed with this court a notice of change of custodial status under Supreme Court Rule 2.042 with a written certification from the KDOC records custodian stating Castle has been

6

released from custody. Castle contends the State has failed to meet its burden to show he is released from custody. Castle argues that whether he is released from custody is a question of fact, so this court should remand to the district court for an evidentiary hearing to resolve this issue.

Our Supreme Court recently addressed the mootness issue in *Yazell* and *Roat*, so we will address those decisions in detail. While Corey Leroy Yazell's appeal from his probation revocation was in the Court of Appeals, a panel of this court sua sponte ordered the parties to show cause why the appeal should not be dismissed as moot because Yazell had been released from custody. The State responded that KASPER showed Yazell was on postrelease supervision and asserted it had confirmed Yazell's release with a telephone call to a KDOC senior administrative specialist in the sentence computation unit. Yazell argued that the KASPER website warns that its accuracy is unreliable; he also challenged the reliability of the KDOC employee's statement, which he characterized as an "unsworn ex parte communication not subject to cross-examination." 311 Kan. at 627. Without analyzing the parties' arguments, this court dismissed the appeal. 311 Kan. at 627.

On a petition for review, our Supreme Court focused on whether the State had established that Yazell was released from custody. The court acknowledged that although Kansas appellate courts rarely make factual findings, at times they must do so when it is necessary to "confirm the change in circumstances" that a party has alleged renders the appeal moot. 311 Kan. at 628. Because "[t]he appellate forum is not conducive to the taking or testing of evidence," the *Yazell* court held that "appellate courts must carefully scrutinize the reliability of evidence before making the rare finding of fact." 311 Kan. at 628. Ultimately, the court held "that the Court of Appeals erred to the extent that it relied on KASPER and the State's hearsay assertions about a Corrections employee confirming the accuracy of the report." 311 Kan. at 631.

7

Our Supreme Court decided *Roat* on the same day as *Yazell*. While Tony Roat's appeal from the denial of his motion to correct illegal sentence was pending in the Court of Appeals, the State filed a notice of change of custodial status alleging that Roat "had satisfied both the prison and post-release supervision provisions of his sentences." 311 Kan. at 583. When this court ordered Roat to show cause why the appeal should not be dismissed, Roat did not dispute that he was no longer in prison. But Roat argued that his appeal still was not moot because his sentence could impact future sentences and he was considering a legal malpractice claim against his attorney for not raising certain issues at sentencing. After receiving the response, this court dismissed the appeal. 311 Kan. at 583.

On a petition for review, our Supreme Court affirmed the dismissal but held that this court had "engag[ed] in either erroneous or insufficient analysis of the [mootness] question." 311 Kan. at 584. After recognizing inconsistencies in Kansas appellate courts' treatment of the mootness doctrine as discretionary or jurisdictional and reviewing federal courts' application of mootness, the *Roat* court held "that the better approach is to consider mootness a prudential doctrine." 311 Kan. at 590. The court stressed the importance of respecting litigants' fundamental "'right to a day in court'" so they may "vindicate injuries suffered to their rights." 311 Kan. at 591.

Because mootness is a particularized analysis, the *Roat* court found that a bright-line test for mootness "is contrary to the law of our state." 311 Kan. at 592. Rather, "[a]n appeal should not be dismissed for mootness 'unless it is clearly and convincingly shown that the actual controversy has ended, the only judgment that could be rendered would be ineffectual *for any purpose*, and it would not impact *any* of the parties' rights.' [Citation omitted.]" 311 Kan. at 592. The court explained that the rights to be examined and the effect of a judgment are not limited to the case at hand; courts also must examine the collateral effects on rights and the preservation of rights for future litigation. 311 Kan. at 594. But the court limited the consideration to "vital, or substantial, right[s] requiring a judgment in this appeal." 311 Kan. at 596. It also noted that "[m]ere stigma or 'rightness'

8

is insufficient to justify continuing to exercise jurisdiction over an appeal." 311 Kan. at 599. Finally, the court cautioned: "Litigants must do more than mention speculative rights; they must give substance to their arguments when asserting that protection of collateral rights necessitates resolution of their underlying appellate issues. And appellate courts must analyze and evaluate those arguments before exercising the prudential authority to dismiss appeals because of mootness." 311 Kan. at 601.

Returning to Castle's appeal, we must first decide whether the KDOC certification is reliable evidence to show that Castle is no longer in prison. Assuming we find that it is, we must next decide whether Castle's release from prison renders this appeal moot.

*Is the KDOC certification reliable evidence to show that Castle is no longer in prison?*

The threshold question is whether the "Certification of Time Served" the State filed with this court is sufficient to show that Castle is no longer in prison. In *Yazell*, our Supreme Court recognized that an appellate court may engage in limited fact-finding necessary "to confirm the change in circumstances" that a party has alleged renders an appeal moot. 311 Kan. at 628. But "appellate courts must carefully scrutinize the reliability of evidence" before considering it a basis for appellate fact-finding. 311 Kan. at 628. Our Supreme Court held in *Yazell* that it was error to rely on the KASPER website information and on hearsay assertions made over the telephone by a corrections employee confirming the accuracy of the KASPER report. See 311 Kan. at 631.

The *Yazell* court's rejection of the KASPER website information as reliable evidence to show an inmate's custodial status was not surprising. The website itself contains a disclaimer on "the accuracy, completeness, or usefulness of any information" provided to the public. See http://kdocrepository.doc.ks.gov/kasper/search/disclaimer. A reader must agree to the disclaimer before the website will provide information about an inmate. The *Yazell* court also found the State's assertion that it confirmed Yazell's release

with a telephone call to a KDOC employee was unreliable evidence. This assertion essentially amounted to hearsay within hearsay.

Here, the State has filed a notice of change in custodial status in compliance with Supreme Court Rule 2.042 stating that Castle has been released from prison and is on postrelease supervision. Attached to the notice is a written "Certification of Time Served" on KDOC official letterhead. The certification confirms that Castle was released from KDOC custody on April 24, 2020. The certification contains a signature of the KDOC records custodian "being duly sworn" and states that it provides "true and correct information" from Castle's records with the KDOC. Castle has offered no evidence to controvert the evidence presented by the State. He contends the State has failed to meet its burden to show he is released from custody. Significantly, Castle has not affirmatively represented to this court that the information in the KDOC certification is inaccurate.

Granted, Castle is unable to "cross-examine" the KDOC records custodian who signed the certification. Likewise, the signature on the certification is not notarized or subscribed before the person who administered the oath. Following this procedure would have strengthened the evidentiary value of the certification. But without any evidence offered by Castle challenging the accuracy of the information in the KDOC certification, we accept the written certification as reliable evidence sufficient to show that Castle is no longer in prison for the limited purpose of deciding whether this appeal is moot.

*Does Castle's release from prison render this appeal moot?*

Of course, a defendant's release from custody does not always establish mootness in a sentencing appeal. An appellate court must also look to other factors discussed in *Roat* to determine whether judgment would be ineffectual for any purpose including future impact on the rights of the parties. See 311 Kan. at 591-01. But once the State has established a prima facie showing of mootness by demonstrating that the defendant has

10

fully completed the terms and conditions of his or her sentence, the burden shifts to the defendant to show the existence of a substantial interest that would be impaired by dismissal or that an exception to the mootness doctrine applies. 311 Kan. at 593. Here, other than contending the State has failed to meet its burden to show he is released from custody, Castle develops no argument about why his case is not moot.

Throughout its various filings in this court, the State has argued that this appeal is moot because Castle has served his entire prison sentence. In his response to this court's show-cause order issued on June 30, 2020, Castle pointed out he is still on postrelease supervision. A person on postrelease supervision is still "'under a sentence.'" *State v. Lehman*, 308 Kan. 1089, 1098, 427 P.3d 840 (2018). But the fact that Castle is on postrelease supervision does not keep his appeal challenging his criminal history score from being moot because a defendant's criminal history score does not affect the mandatory term of postrelease supervision. See K.S.A. 2019 Supp. 22-3717(d).

Moreover, as the State asserts in its brief, this court cannot grant Castle any meaningful relief in this appeal. Even if this court agreed with Castle that the district court erred in calculating his criminal history score and remanded for resentencing under a criminal history score that would allow for presumptive probation, the district court could not impose probation because Castle has served his underlying sentence. See K.S.A. 2019 Supp. 21-6805(a); *State v. Kinder*, 307 Kan. 237, 243, 408 P.3d 114 (2018) (holding that if an underlying sentence has been served, probation may not be imposed).

In sum, the State has provided reliable evidence to show that Castle is no longer in prison and is on postrelease supervision. Castle makes no claim that his appeal challenging his criminal history score has an impact on his current or future rights. We are unable to grant Castle any meaningful relief in this appeal and the only judgment that could be entered would be ineffectual for any purpose. Under these circumstances, we dismiss Castle's appeal as moot.

Appeal dismissed.