NOT DESIGNATED FOR PUBLICATION

No. 123,487

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

DUSTIN J. MORRIS,
*Appellant.*


MEMORANDUM OPINION

Appeal from Harvey District Court; MARILYN M. WILDER, judge. Opinion filed April 8, 2022. Appeal dismissed.

*Caroline M. Zuschek* and *Jennifer C. Bates*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before ISHERWOOD, P.J., GREEN and BRUNS, JJ.

PER CURIAM: Dustin J. Morris pled no contest to one count of methamphetamine possession. The court granted probation for a period of 18 months with an underlying prison term of 24 months. At sentencing, the district court determined his criminal history score was D based on one prior Illinois conviction for criminal sexual abuse, a person felony. Morris' probation was later revoked, and the district court imposed an amended 18-month prison sentence. Morris appealed. During that appeal, we remanded the case at the parties' request to determine whether Morris' criminal history was properly calculated in anticipation of his initial sentencing. The district court found his criminal history score was correct and the case resumed its travels down the appellate road. Morris argues his

1

criminal history is incorrect and that the Illinois conviction should not have been counted as a person felony. After the parties submitted their briefs, the State filed a notice to alert this court of a change to Morris' custodial status, specifically, that he was released from prison on November 24, 2021. After a thorough review of the issue, we dismiss Morris' appeal as moot because the State successfully established that he has completed his prison sentence and Morris failed to demonstrate that dismissing the appeal would impair any interest.

FACTUAL AND PROCEDURAL BACKGROUND

Morris pled no contest to a single count of possession of methamphetamine, in violation of K.S.A. 2020 Supp. 21-5706(a), a severity 5 level drug felony. The district court granted Morris probation for a term of 18 months with an underlying prison term of 24 months to be followed by 12 months of post-release supervision.

In arriving at the appropriate sentence, the district court determined that Morris had a D criminal history score based on his presentence investigation (PSI) report which included a 2016 conviction from Illinois for criminal sexual abuse, a person felony, in violation of 720 Ill. Comp. Stat. § 5/11-1.50(a)(2). The PSI also indicated that the Illinois conviction was comparable to K.S.A. 21-3518 (now codified at K.S.A. 2020 Supp. 21-5505). See K.S.A. 2020 Supp. 21-6811(e)(3)(A).

Less than two months after sentencing, the State filed a motion to revoke Morris' probation. It alleged that Morris tested positive for methamphetamine once and admitted to methamphetamine use on four other occasions. Additionally, Morris allegedly missed two inpatient treatment appointments and failed to sign a probation modification form agreeing to report to jail and remain there until an inpatient bed was ready for him. Morris knew from conversations with his ISO that a failure to sign the form constituted

2

grounds for a revocation motion. The district court promptly issued a warrant in response to the State's motion.

Not long after, the State filed an amended motion to revoke to include additional allegations that Morris was arrested a few days earlier for possession of drug paraphernalia with the intent to use drugs, possession of a stimulant, interfering with a law enforcement officer, criminal use of weapons, and possession of marijuana. The first amended motion was followed by a second such motion which asserted that Morris also refused to take two drug tests as directed and was discharged from outpatient treatment due to lack of attendance.

The district court held a probation revocation hearing and following arguments from the parties, it revoked Morris' probation and imposed his underlying sentence based on Morris' admission to the commission of new crimes. Morris timely appealed.

Morris and the State later filed a joint motion seeking remand of the case to the district court to determine whether Morris' criminal history score was appropriately calculated. This court granted the motion, and the district court held a hearing. After hearing arguments from the parties, the district court found that the appropriate Illinois and Kansas statutes were comparable under *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018), and therefore Morris was properly classified as having a D criminal history score.

On November 30, 2021, the State filed a notice with this court suggesting that Morris "fully served the prison portion of his sentence" and was released from custody on November 24, 2021.

IS THIS APPEAL MOOT?

The State argues that this case is moot because Morris has completed the prison portion of his sentence.

*Standard of Review*

This court has unlimited review over whether a case is moot. *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020).

ANALYSIS

"A case is moot when a court determines that 'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.'" *Roat*, 311 Kan. at 584 (citing *State v. Montgomery*, 295 Kan. 837, 840-41, 286 P.3d 866 [2012]). The analysis must look beyond whether the appeal would affect the sentence in the case on appeal. 311 Kan. at 593. "The range of collateral interests that may preserve an appeal is wide." 311 Kan. at 594.

The mootness determination involves two steps. First, "[i]n an appeal solely challenging a sentence, the party asserting mootness may establish a prima facie showing of mootness by demonstrating that the defendant has fully completed the terms and conditions of his or her sentence." 311 Kan. at 593. Second, the burden "shifts to the party opposing the mootness challenge to show the existence of a substantial interest that would be impaired by dismissal or that an exception to the mootness doctrine applies." 311 Kan. at 593.

In *State v. Castle*, 59 Kan. App. 2d 39, 477 P.3d 266 (2020), Castle argued that the district court improperly calculated his criminal history score. Several weeks after the

4

State filed its brief it followed up with a "Notice of Change in Custodial Status," which alleged that KASPER showed Castle was on post-supervision release. 59 Kan. App. 2d at 41. This court then issued a show cause order asking Castle to show why his appeal was not moot.

After the show cause order was issued, the Kansas Supreme Court released two opinions that addressed the mootness issue: *State v. Roat*, 311 Kan. at 581 and *State v. Yazell*, 311 Kan. 625, 465 P.3d 1147 (2020). This court then withdrew its show cause order before Castle could respond.

Shortly after, the State filed a second "Notice of Change in Custodial Status" and included a "Certification of Time Served" document evidencing Castle's release:

> "I, the undersigned Vickie Belanger, of lawful age being duly sworn, do hereby, declare and certify that I am designated as a Public Service Administrator for the Kansas Department of Corrections and by virtue of my said office I am the legal keeper of all official records and files of the Office of the Secretary of Corrections. The foregoing is true and correct information from the records of: **CASTLE, Jason F. KDOC# 122171**."
> 59 Kan. App. 2d at 42.

This court issued a second show cause order and requested that Castle demonstrate why his appeal should not be dismissed as moot. Castle replied that the State failed to sufficiently show he was released and requested an evidentiary hearing on the matter. After various other filings, this court issued an order stating the hearing panel "would address the issue in its opinion." 59 Kan. App. 2d at 43.

The *Castle* court began its analysis by reviewing *Yazell* and *Roat.* 59 Kan. App. 2d at 44. In *Yazell*, this court sua sponte ordered the parties to show why the appeal was not moot given that Yazell was released from custody. The State argued that KASPER showed he had been released and that information was confirmed through a phone call to

5

a Senior Administrative Specialist at KDOC. This court dismissed his appeal as moot. *Yazell*, 311 Kan. at 627.

The Kansas Supreme Court granted review. It first noted that generally, appellate courts do not make factual findings. Yet it also explained:

> "But there are times when an appellate court is called upon to make a finding of its own. One of those times occurs in this appeal—where a party alleges that a change in circumstance since the district court proceedings has rendered an action moot. Before the appellate court may consider mootness, it must confirm the change in circumstance." 311 Kan. at 628.

The court found that this court erred by relying on the KASPER printout and the phone call. 311 Kan. at 628. It observed that KASPER is unreliable, and the phone call constituted hearsay. As a result, the court reversed because "the panel's order does not reveal its factual source." 311 Kan. at 631. It noted that, on remand, this court could identify its factual source and the source's reliability.

In *Roat*, Tony Roat appealed arguing that the district court improperly calculated his criminal history score. The State filed a notice of change of custodial status showing that Roat would soon complete both his prison sentence and his postrelease supervision. This court issued a show cause order asking Roat to explain why his appeal should not be dismissed as moot. Roat replied and argued that his criminal history score might impact future sentences and he could potentially raise "a legal malpractice claim against his trial attorney." *Roat*, 311 Kan. at 583. This court noted his response and dismissed the case.

The Kansas Supreme Court granted review and explained that it "must decide whether Roat has asserted an interest sufficient to prevent dismissal for mootness." 311 Kan. at 596. The court affirmed this court's decision to dismiss Roat's appeal as moot because Roat failed to establish that his interest in a legal malpractice suit was "a vital, or

6

substantial, right requiring a judgment in this appeal." 311 Kan. at 596. The court explained that Roat's response to this court's show cause order failed to provide sufficient detail about the factual basis for a legal malpractice claim. 311 Kan. at 597. Similarly, it was not persuaded by Roat's argument that his criminal history score would impact future potential sentencing because Roat could object to his criminal history score at any future sentencing proceeding. 311 Kan. at 600-01.

After reviewing these cases, the *Castle* court examined the State's "Certification of Time Served" and concluded it was sufficient evidence to establish Castle's release. In so doing, it distinguished between that certificate and the methods employed in *Yazell.* Unlike the unreliability of KASPER or the hearsay concerns with the phone call, the "Certification of Time Served" appeared on official KDOC letterhead and bore the signature of a records custodian affirming the truth of the statement about Castle's sentence completion. The court noted that since Castle provided no contrary evidence, the certificate amounted to reliable evidence of his release. *Castle*, 59 Kan. App. 2d at 46-7.

The court then considered whether Castle demonstrated that any substantial interest would be impaired if the court dismissed his appeal as moot and concluded he did not. Rather, it found his argument that he is still on postrelease supervision unpersuasive "because a defendant's criminal history score does not affect the mandatory term of postrelease supervision." 59 Kan. App. 2d at 48 (citing K.S.A. 2019 Supp. 22-3717[d]). So the court dismissed his appeal as moot. 59 Kan. App. 2d at 48.

*Castle* is nearly identical to Morris' case. Here, the State also filed a "Certification of Time Served" on KDOC letterhead, signed by a records custodian, that reads:

> "I, the undersigned Vickie Belanger, of lawful age being duly sworn, do hereby, declare
> and certify that I am designated as a Public Service Administrator for the Kansas
> Department of Corrections and by virtue of my said office I am the legal keeper of all

official records and files of the Office of the Secretary of Corrections. The foregoing is true and correct information from the records of: **MORRIS, Dustin KDOC# 124695**."

We find that, like *Castle*, by presenting this document the State met its initial burden to provide sufficient evidence to show that Morris is no longer subject to a prison term given his release. The next question is whether Morris has shown any substantial interest that would be impaired if we dismissed his appeal as moot. See *State v. Llamas*, No. 122,478, 2021 WL 1945160, at *4 (Kan. App. 2021) (unpublished opinion) (finding appeal not moot because appellant "articulates the factual legal bases upon which he would make his malpractice claim were he to be successful on appeal"); *State v. Spears*, No. 123,030, 2021 WL 4352536, at *5 (Kan. App. 2021) (unpublished opinion) (finding appeal moot because appellant failed to show a substantial interest in preserving appeal). The burden shifts to Morris to make this argument. *Roat,* 311 Kan. at 593.

Morris does not argue that any exception to the mootness doctrine applies. See *State v. Harmon*, No. 122,153, 2021 WL 936070, at *3 (Kan. App. 2021) (unpublished opinion) (dismissing appeal as moot when appellant did not brief mootness on appeal, did not argue for any mootness exception, and instead argued the merits). In response to our order to show cause why his appeal should not be dismissed as moot, he did assert that a substantial interest would be impaired if such a dismissal occurred—namely, his ability to pursue a legal malpractice claim against trial counsel**.** A plaintiff must identify a "nonfrivolous," "arguable" underlying claim in forward-looking prisoner actions that seek to remove roadblocks to future litigation. See *Lewis v. Casey*, 518 U.S. 343, 352-53 & n.3, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). The predicate claim must be described well enough to apply the "nonfrivolous" test and show that the "arguable" nature of the claim is more than just "hope." *State v. Roat*, 311 Kan. at 596-97 (citing *Christopher v. Harbury*, 536 U.S. 403, 416, 122 S. Ct. 2179, 153 L. Ed. 2d 413 [2002]). Morris, like Roat before him, fails to meet this requirement. He does not seek to bolster his claim in any meaningful way and instead merely graces us with the conclusory assertion that his

8

rights will be adversely affected. A party should not leave the court "to guess about the specifics of how [a party] would frame his arguments . . . . " *State v. Berriozabal*, 291 Kan. 568, 594, 243 P.3d 352 (2010). We would exceed the scope of our permissible boundaries if we combed the record to ferret out potential missteps by counsel or endeavored to blindly identify in precisely what manner Morris believes counsel rendered deficient representation. Thus, we decline Morris' implicit invitation to engage in such independent fact-finding.

Finally, we are aware Morris remains on postrelease supervision. Even so, other panels of this court, including *Castle*, have declined to find that status sufficient to prevent the appeal from being dismissed as moot. *Castle*, 59 Kan. App. 2d at 48; *State v. Alvis*, No. 122,269, 2021 WL 4703871, at *7 (Kan. App. 2021) (unpublished opinion) ("The term of postrelease supervision is determined by the severity level of the crime, not the defendant's criminal history score. The court is thus unable to grant meaningful relief."); *State v. Stotts*, No. 123,240, 2021 WL 5858516, at *3 (Kan. App. 2021) (unpublished opinion) ("But the fact that Stotts must serve postrelease supervision does not keep her appeal of her probation revocation from being moot because whether a defendant is on probation or imprisoned does not affect the mandatory term of postrelease supervision."). Morris' appeal is dismissed as moot.

Appeal dismissed.