NOT DESIGNATED FOR PUBLICATION

No. 124,549

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEFFREY DALE SWARTZ JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed October 7, 2022.
Appeal dismissed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., GREEN and HILL, JJ.

PER CURIAM: Jeffrey Dale Swartz Jr. appeals his sentence for felony theft. He
argues that the district court improperly included a previous conviction for reckless
criminal threat as part of his criminal history at sentencing. We do not reach the merits of
this claim, however, because Swartz's case is moot—a decision would have no effect on
Swartz's rights or otherwise affect the outcome of his case. We therefore dismiss the
appeal.

Swartz pleaded guilty to felony theft in 2021. The presentence investigation report
submitted in that case showed that Swartz had been previously convicted of five person

felonies, three nonperson felonies, two person misdemeanors, and three nonperson misdemeanors. Among these previous crimes, Swartz had pleaded guilty to criminal threat in 2018.

Before sentencing, Swartz filed a motion objecting to the inclusion of the previous criminal-threat conviction in his criminal history. Swartz correctly pointed out that the Kansas Supreme Court had recently held that the offense of reckless criminal threat was unconstitutionally overbroad. See *State v. Boettger*, 310 Kan. 800, 450 P.3d 805 (2019), *cert. denied* 140 S. Ct. 1956 (2020). Based on this decision, Swartz argued that his criminal-threat conviction should not be considered as part of his criminal history. He also pointed out that one felony listed in the presentence investigation report—aggravated escape from custody—was improperly classified as a person crime when it is actually a nonperson offense.

The State objected to Swartz's motion. The State agreed that Swartz's conviction for aggravated escape from custody should be classified as a nonperson offense. But the State asserted that, even with that change, Swartz had a criminal-history score of A regardless of whether his criminal-threat conviction was excluded because he had been previously convicted of three other person felonies. See K.S.A. 2021 Supp. 21-6804(a) (a person with a criminal history of A has three or more previous convictions for person felonies). The State also argued that Swartz's conviction was for intentional criminal threat, and not the reckless version of that crime, because the plea transcript in his criminal-threat case showed that he "verbally threaten[ed] to kill" the victim.

After hearing evidence relating to Swartz's criminal-threat conviction, the district court found that he had previously been convicted of intentional—not reckless—criminal threat. The court thus denied Swartz's motion. In doing so, the court emphasized the futility of Swartz's challenge because Swartz would have a criminal-history score of A

regardless of whether the criminal-threat conviction were included. The court sentenced Swartz to 16 months' incarceration and 12 months' postrelease supervision.

Swartz appealed this sentence, continuing to challenge the inclusion of his criminal-threat conviction in his criminal history. Shortly before the State filed its response brief, it filed a Notice of Custodial Change noting that Swartz had completed his prison term and was now on postrelease supervision. In its brief, the State argued that this change, as well as the other person felonies in Swartz's criminal history, rendered the appeal moot.

Swartz's brief challenges the district court's findings regarding the criminal-threat conviction. He argues that the procedure the district court employed at sentencing violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), because it relied on evidence that had not been presented at trial or at Swartz's plea hearing in this case to determine his sentence. We note that our reviewing courts have held that the determination of a person's criminal history, including findings relating to his or her previous convictions, does not violate the Kansas or United States Constitutions. See 530 U.S. at 490 (noting that Sixth Amendment does not require courts to submit prior convictions to a jury for sentencing purposes); *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002) (same); see also *State v. Albano*, 313 Kan. 638, Syl. ¶ 4, 487 P.3d 750 (2021) (Section 5 of the Kansas Constitution Bill of Rights "does not guarantee defendants the right to have a jury determine the existence of sentence-enhancing prior convictions under the revised Kansas Sentencing Guidelines Act."). We do not consider the merits of Swartz's arguments further, however, because we agree with the State that the issue before us is moot.

Unlike the legislative and executive branches, Kansas courts do not have the constitutional authority to issue advisory opinions. *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 898, 179 P.3d 366 (2008). Instead, courts are called on to decide concrete

questions that will have an actual impact on the parties before us—to "'determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive.'" *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020) (quoting *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 [2012]).

As a corollary to this principle, even if a court case began with an active dispute, courts will generally not continue to hear the case if the issues presented become "moot." *Roat*, 311 Kan. at 584. A party can seek dismissal on mootness grounds by clearly and convincingly showing that "'the actual controversy'" in the case has ended, and that any judgment that could be entered "'would be ineffectual for any purpose'" and "'would not impact any of the parties' rights.'" 311 Kan. at 584.

The party asserting that issues in a case have become moot—here, the State—must make a prima-facie showing that the actual controversy in the case has ended. 311 Kan. 581, Syl. ¶ 6. The State makes this showing in two ways.

*First*, the State correctly points out that Swartz's criminal-history score would be A regardless of whether the criminal-threat conviction were included in that calculation. Swartz has been previously convicted of three other person felonies. This means that the criminal-threat conviction had no practical effect on his sentence. Swartz does not challenge this fact on appeal.

*Second*, Swartz has completed the prison term of his sentence and is now serving his postrelease-supervision term. In Kansas, the duration of a person's postrelease-supervision term is determined by the person's crime of conviction, not by his or her criminal history. Thus, a change in Swartz's criminal history cannot affect his sentence in any meaningful way. As a previous panel of this court noted under similar circumstances,

4

further discussion regarding criminal history would have "[no] impact on [Swartz's] current or future rights," and "the only judgment that could be entered would be ineffectual for any purpose." *State v. Castle*, 59 Kan. App. 2d 39, 48, 477 P.3d 266 (2020), *rev. denied* 313 Kan. 1043 (2021).

Swartz offers no explanation why this court should continue to hear his criminal-history challenge despite this futility. Because resolution of the issue raised would provide no meaningful relief, we dismiss Swartz's appeal as moot.

Appeal dismissed.