NOT DESIGNATED FOR PUBLICATION

Nos. 124,504
124,505
124,506

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JASON DEAN ENDSLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed October 14, 2022. Appeal dismissed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., BRUNS and HURST, JJ.

PER CURIAM: This is a consolidated appeal from a district court order denying Jason Dean Endsley's motion to correct illegal sentence in three separate criminal cases. In one of the cases, Endsley was convicted of criminal threat and he contends his sentence in that case was illegal. In turn, he argues that his sentences in the other two cases are also illegal because they were based on an invalid criminal history score. Based on our review of the record, we find the issue presented to be moot. Thus, we dismiss the appeal.

1

In August 2016, Endsley pled guilty to one count of criminal threat as well as to one count of unlawful possession of a controlled substance. The unlawful possession conviction is not at issue in this appeal. About six months later, he pled guilty to one count of felony theft. The district court sentenced Endsley to 12 months in prison on the criminal threat conviction but suspended his sentence to a 12-month probation term. In the felony theft case, the district court sentenced Endsley to 15 months in prison but again suspended his sentence and placed him on probation for 12 months.

The State moved to revoke Endsley's probation in June 2017. In its motion, the State alleged that Endsley failed to report to his intensive supervision officer (ISO) as required under the terms of his probation. In response, Endsley stipulated to violating the terms and conditions of his probation. On the same day, he pled guilty to one count of felony theft in a separate case. In that case, the district court sentenced Endsley to 14 months in prison but suspended the sentence to a 12-month probation term. In addition, the district court ordered Endsley to serve a 120-day prison sanction for his probation violations in the other cases and extended his probation for an additional 12 months.

In December 2017, the State filed another motion to revoke Endsley's probation. In this motion, the State alleged that Endsley violated the terms of his probation by failing to: (1) report to his ISO as directed; (2) refrain from using illegal drugs or from possessing or consuming alcohol; (3) submit to urinalysis testing; and (4) comply with all treatment and/or counseling programs ordered by the court and/or deemed necessary by his ISO. Again, Endsley stipulated to violating the terms and conditions of his probation. Consequently, the district court ordered him to serve a 180-day prison sanction and reinstated his probation with community corrections for 12 months.

About six months later, the State filed a third motion to revoke Endsley's probation. This time the State alleged that Endsley had violated the terms of his probation by failing to: (1) report to his ISO as directed; (2) refrain from possessing, using, or trafficking illegal drugs or illicit substances, including synthetics; and (3) comply with all treatment and/or counseling programs ordered by the court and/or deemed necessary by his ISO. Yet again, Endsley stipulated to violating the terms and conditions of his probation. Accordingly, the district court revoked Endsley's probation and ordered him to consecutively serve his underlying prison sentences in the criminal cases that are the subject of this appeal.

After the district court ordered Endsley to serve his underlying sentences in the three cases, he appealed to this court. On appeal, this court affirmed the district court's decision to revoke Endsley's probation and impose his underlying sentences. *State v. Endsley*, No. 119,965, 2019 WL 847294 (Kan. App. 2019) (unpublished opinion). Subsequently, the Kansas Supreme Court denied Endsley's petition for review and a mandate was issued on December 18, 2019.

In February 2021, Endsley filed a motion to correct illegal sentence in his criminal threat case as well as in his two felony theft cases. In his motion, Endsley asserted that his criminal history scores were incorrect in these cases based on the holdings in *State v. Boettger*, 310 Kan. 800, 450 P.3d 805 (2019), and *State v. Johnson*, 310 Kan. 835, 450 P.3d 790 (2019) (holding that the portion of K.S.A. 2018 Supp. 21-5415(a)(1) regarding a "reckless" criminal threat to be unconstitutional). For this reason, Endsley argued that his sentences in each of the three cases be vacated and that he be resentenced.

In denying Endsley's motion to correct illegal sentence, the district court found:

"This Court would note that Mr. Endsley was convicted . . . in these cases in 2016 and 2017, which was some two years before the Supreme Court handed down the

3

opinion[s] in B*oettger* and *Johnson* cases in October of 2019, which found the criminal threat statute to be unconstitutional, as far as the reckless disregard section of that statute.

". . . [T]he Court believes that the State is correct, not only based on the *Lewis* case, which may still be pending and not final, but the *Lewis* case relied upon *State v. Murdock*, which is a final decision from our Supreme Court, from 309 Kan. 585, which held that a sentence is not illegal because of a change in the law that occurs after the sentence is pronounced. The legality of the sentence is fixed at one point in time at the pronouncement from the bench.

"At the time this Court pronounced the sentence[s], the statute had not been found unconstitutional."

Accordingly, the district court concluded that Endsley's sentence in his criminal threat case was legal at the time it was announced from the bench and that the criminal threat conviction we properly included in determining his criminal history score in his subsequent cases.

ANALYSIS

At the outset, we note that the State filed a notice of change in custodial status in compliance with Supreme Court Rule 2.042 (2022 Kan. S. Ct. R. at 18) stating that Endsley has been released from prison and is now on postrelease supervision. The State contends that although Endsley is still serving postrelease supervision, his criminal history score had no effect on the district court's determination of the length of that term. See K.S.A. 2021 Supp. 22-3717(d). So, the State contends that this appeal is moot.

Because mootness is a doctrine of court policy—which is developed through precedent—our review of the issue is unlimited. *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020). Generally, Kansas courts do not consider moot questions or render advisory opinions. *Roat*, 311 Kan. at 590; *State v. Montgomery*, 295 Kan. 837, 840, 286

4

P.3d 866 (2012). This is because courts are to decide real controversies involving legal rights that are actually in controversy and to adjudicate those rights in a way that is final and conclusive. *Roat*, 311 Kan. at 590. Although there is no "'bright line'" test, a court may find a case to be moot where the actual controversy has clearly ended and the only relief that could be granted to the parties would be ineffectual. 311 Kan. at 592; *Montgomery*, 295 Kan. at 840-41.

In a sentencing issue, the State "may establish a prima facie showing of mootness by demonstrating that the defendant fully completed the terms and conditions of his or her sentence." *Roat*, 311 Kan. at 593. The burden then shifts to the defendant to show a substantial interest exists that would be impaired by dismissal or that an exception applies. "A determination of mootness must therefore necessarily include analysis of whether an appellate judgment on the merits would have meaningful consequences for any purpose, including future implications." 311 Kan. at 592-93.

This court has previously concluded that a criminal history score issue is generally moot where the defendants have completed their prison sentences but remain on postrelease supervision. *State v. Castle*, 59 Kan. App. 2d 39, 43, 477 P.3d 266 (2020). In *Castle*, the State established a prima facie showing of mootness by filing a notice of change in custodial status asserting that the defendant had been released from prison. In response, the defendant argued that a substantial interest existed that would be impaired by dismissal because he was still on postrelease supervision. But this court found the defendant's argument unpersuasive "because a defendant's criminal history score does not affect the mandatory term of postrelease supervision." 59 Kan. App. 2d at 48. See K.S.A. 2019 Supp. 22-3717(d). Thus, the appeal was dismissed on the ground of mootness. 59 Kan. App. 2d at 48.

Here, like *Castle*, the State has complied with Supreme Court Rule 2.042 by providing us with notice that Endsley is no longer being held in prison and is currently on

5

postrelease supervision. As a result, we find that the State has made a prima facie showing of mootness and the burden shifts to Endsley to show that a substantial interest would be impaired if we were to dismiss this appeal as moot or to show that an exception to the mootness doctrine applies. See *Roat*, 311 Kan. at 593. However, Endsley has failed to meet this burden.

In his brief, Endsley simply argues that his sentence in his criminal threat case was illegal and, as a result, his criminal history score was incorrect in all three cases. Endsley does not argue that this will impair a substantial interest, nor does he argue that an exception to the mootness doctrine applies. Accordingly, because we cannot grant meaningful relief to Endsley because he has completed the term of his prison sentence and his criminal history score does not impact the mandatory term of postrelease supervision, we conclude that this appeal is moot.

Appeal dismissed.