NOT DESIGNATED FOR PUBLICATION

No. 126,657

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

SARAH ROXANNE AUSTIN,
*Appellant.*

MEMORANDUM OPINION

Appeal from Montgomery District Court; F. WILLIAM CULLINS, judge. Submitted without oral argument. Opinion filed November 8, 2024. Appeal dismissed.

*Sean P. Randall*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before COBLE, P.J., GARDNER, J., and CARL FOLSOM III, District Judge, assigned.

PER CURIAM:  Sarah Roxanne Austin pleaded no contest to one count of possession of methamphetamine. The district court sentenced her to a 20-month prison sentence but suspended that sentence for 18 months' probation. While on probation, Austin received one 3-day jail sanction and one 30-day jail sanction for violating her probation conditions, and eventually the district court revoked her probation. Austin appeals, arguing that the district court's factual finding of probation violations was not supported by competent evidence and that res judicata precludes the district court from applying previously addressed and adjudicated violations. But since she filed her appeal,

1

Austin completed her prison sentence, so her appeal is now moot. As a result, we dismiss her appeal.

FACTUAL AND PROCEDURAL BACKGROUND

The details underlying Austin's conviction are not germane to her appeal. Briefly, though, following a traffic stop, Austin was arrested and charged with two traffic violations and one possession of controlled substances in case No. 18-CR-491. In March 2019, she pleaded no contest to the possession of methamphetamine and the State agreed to the dismissal of all other charges. The district court sentenced Austin to a 20-month prison sentence and mandatory drug treatment under K.S.A. 21-6824, but suspended the prison sentence for an 18-month probation term.

In January 2020, Austin served a three-day jail sanction for violating her probation conditions by using methamphetamine and marijuana. Nine months later, Austin waived her right to a hearing and agreed to a modification of her probation terms and conditions, extending her probation for 12 months.

In November 2020, a few weeks after the modification, Austin's intensive supervision officer (ISO) submitted a report to the district court claiming that she again violated the conditions of her probation. The report alleged Austin was arrested and charged with two new crimes in case No. 20-CR-322:  unlawful discharge of a firearm under K.S.A. 21-6308(a) and criminal possession of a firearm by a felon under K.S.A. 21-6304. The ISO also reported that Austin failed to "avoid persons or places of disreputable or harmful character" as required by her probation conditions. These incidents from July through November 2020 stemmed from Austin's volatile relationship with S.F., another offender under community corrections supervision.

Austin was appointed counsel who twice sought the continuance of both the evidentiary hearing on her alleged probation violations and the preliminary hearing on her new criminal charges. Before a hearing could be held, in April 2021, the ISO submitted a progress report stating that Austin continued to have contact with S.F. after being directed not to after a domestic dispute between the two, and she failed to submit a protection from abuse order as directed by the ISO.

Two months later, the district court held an evidentiary hearing on Austin's probation violations. The ISO testified to the probation violations detailed in her reports. Austin also testified, admitting she had been in contact with S.F., and she possessed a firearm that he gave her. After the conclusion of testimony, the parties proposed an agreement to the district court. Austin agreed to stipulate to the violation of her probation conditions in exchange for a 30-day jail sanction. The district court accepted the agreement and suggested to the parties that it find Austin violated her probation only for failure to avoid S.F., a person of disreputable or harmful character. The parties approved this finding, and the district court found Austin violated her probation conditions and imposed a 30-day jail sanction.

Austin served her sanction, and several months later successfully completed inpatient drug treatment. But just a few months after this success, another ISO submitted an affidavit alleging Austin violated her probation conditions by using methamphetamine and marijuana on March 8, 2023.

A day later, the district court held an evidentiary hearing on Austin's probation violation in case No. 18-CR-491 and a scheduling hearing for her pending charges in case No. 20-CR-322. During the hearings, defense counsel announced the parties had reached a global resolution of both cases. Counsel said Austin would plead no contest to the charge of criminal possession of a firearm in case No. 20-CR-322 and stipulate to the probation violations in case No. 18-CR-491.

3

After engaging with Austin in a plea colloquy regarding the firearm charge, the district court accepted her no-contest plea in case No. 20-CR-322. The court then questioned Austin about her probation violations in case No. 18-CR-491 and she waived her right to an evidentiary hearing. When asked by the district court, Austin admitted that she failed to refrain from violating the law by possessing a firearm. The district court acknowledged Austin was now convicted of the crime and granted the State's request to amend the violation to reflect as much. The district court then asked if Austin admitted to failing to avoid person or places of disreputable or harmful character on multiple occasions. Austin answered, "No, sir." The district court asked again if she admitted to hanging around anybody of disreputable or harmful character, specifically in terms of S.F., and Austin answered, "It is a possibility, sir." The district court accepted Austin's answer as an admission and found she violated the conditions of her probation.

At the end of the hearing, the State announced it planned to recommend Austin's probation be reinstated if she had no more violations pending disposition, but it had concerns about possible drug use. Because she had tested positive for methamphetamine a few months prior, the State recommended Austin be drug tested and the district court ordered the same. The hearing was suspended while Austin was tested. That drug test resulted in positive readings for multiple substances, including fentanyl and methamphetamine. After resuming the hearing, the district court suspended Austin's bond for 48 hours, ordered her into custody, and set a sentencing and disposition hearing for a month later.

Austin was subjected to another drug test a day before the sentencing hearing. Court services reported that Austin failed to submit a valid sample after three attempts. At the disposition and sentencing hearing, the district court took notice that Austin failed to provide a urine sample. The court revoked Austin's probation and ordered her to serve her prison term in case No. 18-CR-491, noting its concern with Austin's continued difficulties with her probation and testing positive for drugs in the past. In case No. 20-

4

CR-322, the district court sentenced Austin to 14 months' imprisonment, suspended for a probation term of 18 months, but stayed pending completion of her prison sentence in case No. 18-CR-491.

Austin timely appealed. But on September 30, 2024, the State filed a notice of change of custody showing Austin satisfied the prison portion of her sentence, with a letter from the Sentence Computation Unit of the Kansas Department of Corrections (KDOC) attached, confirming Austin completed her prison sentence.

AUSTIN'S APPEAL OF HER PROBATION REVOCATION IS NOW MOOT

Austin now argues that the district court improperly considered the allegations of probation violations that were not either stipulated or supported by evidence, and prior violations of her probation conditions that had been addressed and adjudicated at prior hearings. She claims the district court "'double-dipped'" at her final probation revocation hearing by considering some violations twice and abused its discretion because the reasons for revoking her probation were not supported by substantial evidence.

But before we consider the merits of her claims, we must address what effect her change in custody has on her appeal. Because her release occurred after this appeal was fully briefed by both parties, we ordered supplemental briefing to address the issue of mootness. The State now argues this appeal is moot because Austin has completed her prison sentence and cannot be reinstated to probation. Austin suggests her appeal is not moot because the finding that she violated the terms of her probation could be used against her in the future to deny additional probation or potentially subject her to an upward departure in any future criminal sentence.

Austin acknowledges that our Supreme Court has ruled contrary to her position. In *State v. Montgomery*, 295 Kan. 837, 286 P.3d 866 (2012), the court examined whether

5

the appeal of a decision to revoke probation was moot once the defendant had fully served the underlying prison term. Typically, when a person appealing a probation revocation completes her sentence before the appeal is decided, "'[a]ny action this court might take in regard to [the] probation revocation would be an idle act insofar as [the appellant's] rights in [the] action are concerned.'" 295 Kan. at 841. This does not always mean the appeal is moot, as there are exceptions to this general rule. "The range of collateral interests that may preserve an appeal is wide." *State v. Roat*, 311 Kan. 581, 594, 466 P.3d 439 (2020). And in some cases, an appeal may proceed after an appellant is released from prison if the appellant will suffer future adverse legal consequences because of dismissing the appeal. *Montgomery*, 295 Kan. 837, Syl. ¶ 4.

Kansas appellate courts do not decide moot questions, and the determination of whether a case is moot is subject to unlimited review by an appellate court. *Roat*, 311 Kan. at 590. "A case is moot when a court determines that "'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.'" 311 Kan. at 584. The party asserting mootness bears the initial burden of establishing the case is moot. "The burden then shifts to the party opposing the mootness challenge to show the existence of a substantial interest that would be impaired by dismissal or that an exception to the mootness doctrine applies." 311 Kan. at 593.

Here, the State makes its prima facie case for mootness by submitting its notice of change in Austin's custodial status under Supreme Court Rule 2.042 (2024 Kan. S. Ct. R. at 18), along with the letter from KDOC confirming Austin had completed her prison sentence. Austin does not contest the accuracy of the letter and admits she is no longer in KDOC custody. This letter is reliable enough to meet the State's prima facie case and shifts the burden to Austin to show that, despite completion of her prison sentence, her substantial interests would be impaired or that an exception to the mootness doctrine applies. See *State v. Castle*, 59 Kan. App. 2d 39, 40, 477 P.3d 266 (2020).

6

Austin does not argue any exception to the mootness doctrine applies here. She only argues that her situation, where she challenges the finding of a probation violation rather than challenging the disposition of the case, is distinguishable from our Supreme Court's holding in *Montgomery*. In *Montgomery*, the appellant challenged the disposition of his violation, and the court noted that "the fact of a parole revocation may not be as influential or consequential in a subsequent criminal proceeding as the underlying conduct giving rise to the revocation." 295 Kan. at 843. Austin claims the district court's violations findings could be "used against [her] in the future to deny her probation or to possibly subject her to an upward departure sentence."

But our appellate courts have rejected this argument, which is based on speculation that "asks us to assume that [she] will violate the law again." *State v. Yazell*, No. 116,761, 2021 WL 402078, at *5 (Kan. App. 2021) (unpublished opinion). Her argument for potential future impairment "depends on [her] violating the law, getting caught, being convicted, and moving for a departure sentence. That consequence is speculative and 'speculation is not a legitimate basis to avoid dismissal for mootness.'" 2021 WL 402078, at *5. As discussed by our appellate courts, Austin herself is "'able—and indeed required by law—to prevent such a possibility from occurring.'" 2021 WL 402078, at *5 (quoting *Lane v. Williams*, 455 U.S. 624, 632 n.13, 102 S. Ct. 1322, 71 L. Ed. 2d 508 [1982]).

Even if we were to consider the merits of Austin's appeal, our ruling would not grant her meaningful relief. We cannot remand with instructions to impose some other disposition because the district court cannot reinstate her probation or order Austin to serve any more time on this case. See *State v. Kinder*, 307 Kan. 237, 243-44, 408 P.3d 114 (2018) (Once the defendant serves his or her sentence, the district court cannot later sentence the defendant to probation.). Put simply, the district court no longer has any authority to punish her in this case. See *Montgomery*, 295 Kan. at 844.

Austin presents no arguments on how her situation fits into an exception to the mootness doctrine, and her articulated argument is speculative. The only judgment we could enter would be ineffectual for any purpose. For these reasons, we find there is no controversy for us to decide, and we must dismiss this appeal as moot.

Appeal dismissed.