IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 120,845

STATE OF KANSAS,
*Appellee*,

v.

JEREMY L. DAILEY,
*Appellant*.

SYLLABUS BY THE COURT

When a district court errs by entering a restitution order that is not supported by substantial competent evidence, barring special circumstances, the State does not get a second opportunity to support its restitution request.

Review of the judgment of the Court of Appeals in an unpublished opinion filed March 6, 2020. Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed November 5, 2021. Judgment of the Court of Appeals reversing the district court is affirmed in part and reversed in part. Judgment of the district court is reversed, and the case is remanded with directions to the district court.

*James M. Latta,* of Kansas Appellate Defender Office, was on the briefs for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Julie A. Koon*, assistant district attorney, *Marc Bennett,* district attorney, and *Derek Schmidt*, attorney general, were on the briefs for appellee.

The opinion of the court was delivered by

ROSEN, J.: The district court ordered Jeremy L. Dailey to pay $17,278.92 in restitution. The Court of Appeals ruled that substantial competent evidence did not support the restitution amount and remanded the case to the district court for a new hearing. We affirm the panel's decision to remand the case but hold that on remand, the

1

district court is to consider only the arguments and evidence already offered in rendering a new restitution award.

FACTUAL AND PROCEDURAL HISTORY

On November 20, 2017, James Erhart, the property manager at Wichita Greyhound Park, observed that someone had damaged the park buildings and removed coils from the air conditioning units. Law enforcement was notified, and Dailey was located on the property in possession of some of the coils.

The State charged Dailey with criminal trespass and theft for "unlawfully obtain[ing] or exert[ing] unauthorized control over property or services, to-wit: Air conditioning coils . . . of the value of at least $1,500.00 but less than $25,000.00." Dailey pleaded guilty to both charges. At the plea hearing, he clarified that he was pleading guilty only to taking coils that had already been removed from the buildings and set by a fence. The district court agreed and accepted his plea.

The State requested $25,000 in restitution. At the restitution hearing, Erhart testified that this was the amount of the deductible paid to the insurance company to replace all the air conditioning coils and repair the damage from their removal. In a line of questioning, the State told Erhart that Dailey had been found in possession of "four air-conditioning coils and four A-frame coils" and asked Erhart what the cost would be to replace and reinstall these coils. Erhart testified it would be $23,425.04.

Dailey contested the restitution amount. He argued he had been convicted only for removing the coils from the fence, and, consequently, could not be ordered to pay restitution for the damages resulting from the removal of the coils from the buildings.

2

The district court ordered Dailey to pay $17,278.92 in restitution. It explained that it based this number on the cost of four AC-condenser coils and four A-frame coils.

Dailey appealed the restitution amount, arguing that the evidence did not support the State's assertion that he stole eight coils. In fact, he argued, the evidence from the restitution hearing was insufficient to permit the district court to make any factual findings about how many or what kind of coils he had taken. Consequently, Dailey asked the panel to vacate the order and remand to the district court with instructions to impose a restitution order for $1,500.00—the minimum amount of damage supported by his guilty plea.

The State conceded that the order should be vacated because the evidence from the restitution hearing did not support the amount of the order. But it asked the panel to remand the case for a new evidentiary hearing.

The panel concluded the order was not supported by substantial competent evidence. It vacated the order and, siding with the State, remanded the case "for an additional hearing to establish the factual predicates for a lawful restitution order." *State v. Dailey*, No. 120,845, 2020 WL 1074687, at *5 (Kan. App. 2020) (unpublished opinion). Dailey petitioned for this court's review.

ANALYSIS

The parties in this case agree there was not substantial competent evidence to support the district court's restitution order and that the panel was therefore correct to vacate the order. They disagree on the proper remedy after an appellate court makes this conclusion. The panel remanded the case for a new evidentiary hearing and the State maintains this was the correct remedy. Dailey argues there should not be a second restitution hearing. This presents a legal question and, consequently, our review is

3

unlimited. See *State v. Simmons*, 295 Kan. 171, 178, 283 P.3d 212 (2012) (legal questions subject to unlimited review).

For the first time on appeal, Dailey argues that a second restitution hearing violates his constitutional protections against double jeopardy. Because he did not preserve this argument by advancing it in the Court of Appeals, we decline to consider it here. See *State v. Gentry*, 310 Kan. 715, 734, 449 P.3d 429 (2019) (declining to utilize exception to preservation rule to consider constitutional argument for first time on appeal). Nonetheless, we are persuaded that Dailey's position prevails.

In this case, the State requested restitution and offered evidence in an attempt to support that request. The district court considered the evidence and heard argument from the parties before entering an order. The Court of Appeals found, and we agree, that substantial competent evidence did not support the restitution amount and, consequently, the district court erred in imposing the order. The State now seeks to benefit from the evidentiary inadequacy and the district court's misstep and, presumably, offer additional or better evidence to support its restitution request.

We will not allow the State a second bite at the apple based on the district court's error. We agree the court must enter a new order but one that is based on the evidentiary record. The State on remand does not get an opportunity to provide additional evidence and is limited to presenting new arguments based solely on evidence previously established at the initial restitution hearing. It had its chance to support the restitution request; if it failed, then it failed. See *United States v. Leonzo*, 50 F.3d 1086, 1088 (D.C. Cir. 1995) (remanding for resentencing on existing record because court sees "[n]o special circumstances justified, or even explained, the government's failure to sustain" its burden and thus there is "no reason why it should get a second bite at the apple"); *United States v. Dickler*, 64 F.3d 818, 832 (3d Cir. 1995) ("where the government has the burden

of production and persuasion . . . its case should ordinarily have to stand or fall on the record it makes the first time around").

We affirm the Court of Appeals decision to vacate the restitution order and remand the case to the district court. However, we reverse its mandate directing a second evidentiary hearing. On remand, the district court is to impose a new restitution order that is supported by substantial competent evidence from the existing record.