NOT DESIGNATED FOR PUBLICATION

No. 127,552

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRIAN S. WEAVER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Submitted without oral argument. Opinion filed March 21, 2025. Affirmed in part and vacated in part.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: Brian S. Weaver was convicted of aggravated battery after striking his ex-wife, S.W., during an argument and causing her severe injuries. He now timely appeals, raising one issue: Was the district court's order imposing $46,865.91 in restitution as part of his sentence supported by substantial competent evidence? Weaver does not dispute he is responsible for $13,865.91 in medical expenses incurred by S.W. at the time of sentencing. However, he argues the district court erred in awarding $15,000 to pay for counseling for S.W. and their children as well as $18,000 to cover part of S.W.'s health insurance premiums for the next 10 years. After careful review, we find the request for counseling expenses is reasonable and causally connected to the injuries Weaver

1

caused. But we find no causal connection to support the award of health insurance. Therefore, we affirm in part and vacate in part.

## FACTUAL AND PROCEDURAL BACKGROUND

Weaver pled guilty to one count of aggravated battery for acts committed in February 2023. Specifically, Weaver was in a bar when his ex-wife, S.W., approached him and the two began arguing about their children. During the argument, Weaver struck S.W. in the face, rendering her unconscious. As a result, S.W. suffered injuries to her face, a concussion, and a fractured C3 vertebrae in her neck.

At sentencing, the State requested $46,865.91 in restitution for S.W. This amount was based upon: (1) $13,865.91 for medical expenses S.W. had already incurred; (2) $15,000 for the estimated expense of 20 weeks of counseling services for S.W. and her two children; and (3) $18,000 to cover half the cost of S.W.'s health insurance premiums for the next 10 years. Weaver agreed to pay the $13,865.91 for the medical expenses S.W. had already incurred but objected to the remainder of the State's request.

S.W. testified about the difficulties she and her children suffered as a result of her injuries. She also read an impact statement from her daughter detailing how S.W.'s injuries and the nature of the attack affected her daughter's mental health. S.W. further explained how her injuries adversely affected her son, particularly in regard to her inability to attend some of his extracurricular activities due to ongoing pain from her injuries, as well as Weaver's absence from her son's life due to his actions. S.W. explained she had contacted a counseling center, which required a $1,000 retainer for the children to begin counseling. S.W. wanted both herself and the children to attend counseling twice per week for 20 weeks. She estimated the cost per session to be between $100 and $150. In total, she requested $15,000 for counseling based on an estimated cost of $10,000 for the children and $5,000 for herself.

2

S.W. further testified she was requesting $18,000 to cover roughly half the costs of her health insurance premiums for the next 10 years. S.W. testified she would likely need further treatment, including a follow-up visit with a neurosurgeon and possible physical therapy, although she did not have an estimated time frame for continued treatment or cost. She explained the initial prognosis was roughly a year to recover, but as of the time of sentencing—more than a year since she was injured—she was still experiencing complications from the concussion, continued to have neck pain, and the fracture in her C3 vertebrae had not yet healed. On cross-examination, S.W. admitted her health insurance plan would also cover medical expenses unrelated to her injuries.

Over Weaver's objection, the district court ordered restitution in the full amount requested by the State. Despite the parties' joint recommendation for a dispositional departure, the district court imposed the presumptive sentence of 43 months' imprisonment. Additional facts are set forth as necessary.

ANALYSIS

Weaver argues the district court's award of $15,000 for counseling services and $18,000 for health insurance coverage is not supported by substantial competent evidence. He is partially correct.

*Standard of Review and Applicable Legal Principles*

We review the "'amount of restitution and the manner in which it is made to the aggrieved party'" for an abuse of discretion. *State v. Martin*, 308 Kan. 1343, 1349, 429 P.3d 896 (2018). "A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable . . . ; (2) it is based on an error of law . . . ; or (3) it is based on an error of fact." *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). We review the district court's "factual findings underlying the causal link between the crime and the

victim's loss" for substantial competent evidence. *Martin*, 308 Kan. at 1349-50. Substantial competent evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. Smith*, 312 Kan. 876, 887, 482 P.3d 586 (2021).

K.S.A. 2024 Supp. 21-6604(b)(1) requires that any restitution ordered in a criminal case must be based on "damage or loss caused by" the crime. In *State v. Arnett*, 307 Kan. 648, 655, 413 P.3d 787 (2018), our Supreme Court explicitly concluded: "[T]he causal link between a defendant's crime and the restitution damages for which the defendant is held liable must satisfy the traditional elements of proximate cause: cause-in-fact and legal causation." Restitution may be allowed for some tangential costs linked to the crime. See *State v. Alcala*, 301 Kan. 832, 839-40, 348 P.3d 570 (2015). However, the amount of restitution is still limited to "that which compensates the victim for the actual damage or loss caused by the defendant's crime." *State v. Hall*, 297 Kan. 709, 713-14, 304 P.3d 677 (2013). Ultimately, an appellate court will uphold an award for restitution where the State meets its burden to show the "requisite causal connection" between the defendant's conduct and the victim's losses or damages and provides "'reliable evidence'" that "'yields a defensible restitution figure.'" 297 Kan. at 714; see *State v. Dailey*, 314 Kan. 276, 278-79, 497 P.3d 1153 (2021).

*Discussion*

The need for counseling is causally connected to the injuries Weaver inflicted on S.W. and the impact on the children. S.W. provided testimony about the effects the crime and her resulting injuries had on her mental health and the mental health of her children. This testimony was given approximately one year after S.W. was injured, and those negative effects remained ongoing. It was reasonably foreseeable Weaver's action of causing serious bodily injury to the mother of his children would have a profoundly negative effect on the children's mental health and require appropriate treatment. S.W.

4

provided specific information on the cost per session, the number of sessions requested, and the period of treatment. Two visits per week for S.W. and each of her children for 20 weeks was a reasonable estimate given the nature of the injuries and issues suffered by S.W. and the children. We find substantial competent evidence supported the district court's award of $15,000 for counseling services for S.W. and her two children.

The district court erred, however, in awarding restitution of $18,000 to pay for roughly half of S.W.'s health insurance premiums for the next 10 years. There was almost no evidence to support this award other than S.W.'s testimony about the cost of her health insurance premiums through her employer. Although S.W. testified she had ongoing health effects and some of her injuries had not healed, there was no evidence to support the belief she would need treatment for her specific injuries for the next 10 years or that the cost of that treatment would be equivalent to her insurance premiums, which admittedly cover care for other matters unrelated to her injuries.

It is undisputed S.W. needed further treatment and ongoing medical care for her injuries; however, there was no specific information provided about the contemplated cost and course of treatment. S.W. testified she needed to have a follow-up visit with a neurosurgeon and possibly do more physical therapy but did not give an estimated time frame or cost for either. She explained the initial prognosis was roughly a year to recover, but more than a year later she was still experiencing complications and the fracture in her C3 vertebrae had not yet healed. S.W. explained her physician advised against surgery to repair the vertebrae due to a serious risk of damaging her carotid artery. But she did not discuss any potential alternative treatments or the estimated cost.

We observe nothing in the record that supports the district court's $18,000 restitution award for partial coverage of S.W.'s future health insurance premiums. That decision was not based on substantial competent evidence. Although an appellate court does not reweigh evidence in making this determination, the evidence must nonetheless

be legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *Granados v. Wilson*, 317 Kan. 34, 41, 523 P.3d 501 (2023); *Smith*, 312 Kan. at 887.

Here, the $18,000 Weaver was ordered to pay toward S.W.'s health insurance premiums for 10 years is not causally connected to the actions of Weaver. There are just too many unknowns to allow an award of this nature for health insurance when it also provides coverage for other medical needs. Substantial competent evidence does not support a causal link between Weaver's actions and S.W.'s actual losses or damages in relation to her future health insurance costs. See *Granados*, 317 Kan. at 41, 54-55; *Smith*, 312 Kan. at 887; *Alcala*, 301 Kan. at 839-40. In other words, the portion of the district court's restitution order for S.W.'s future insurance premiums was not based on ""reliable evidence"' that "'yields a defensible restitution figure."'" See *Hall*, 297 Kan. at 714.

We vacate the district court's award of $18,000 for partial coverage of S.W.'s future health insurance premiums. Because Weaver admits he is responsible for the $13,865.91 in actual medical expenses already incurred by S.W. and substantial competent evidence supports the district court's award of $15,000 for counseling services, we affirm those awards for restitution in the total amount of $28,865.91.

Affirmed in part and vacated in part.