NOT DESIGNATED FOR PUBLICATION

No. 128,774

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

COLTON S. TROTTER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; RODGER L. WOODS, judge. Submitted without oral argument. Opinion filed April 17, 2026. Reversed and remanded with directions.

*Sean P. Randall*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE, P.J., BRUNS and HURST, JJ.

PER CURIAM: Colton S. Trotter appeals the district court's decision revoking his probation and imposing the original sentence. Trotter claims the district court erred by revoking his probation solely because he had absconded when there was insufficient evidence to support the absconder violation. The State concedes there was insufficient evidence to support the district court's finding that Trotter had absconded but claims the issue is moot. After thoroughly reviewing the record, we reverse the district court's order revoking Trotter's probation and remand for a new disposition hearing.

1

*Factual background*

On May 9, 2022, Trotter pled guilty to one count of arson. On September 20, 2022, the district court sentenced Trotter to 19 months' imprisonment but granted probation for 24 months to be supervised by community corrections.

On March 28, 2023, the district court issued a warrant alleging that Trotter had violated the conditions of his probation by testing positive for methamphetamine, admitting to using methamphetamine, failing to report to his intensive supervision officer (ISO) as directed, and failing to pay court costs and restitution. Trotter admitted the violations and the district court imposed a 3-day jail sanction, ordered Trotter to attend outpatient drug treatment, and extended the probation by 24 months.

On August 9, 2023, the district court issued a warrant alleging that Trotter had violated the conditions of his probation by twice testing positive for methamphetamine. Trotter again admitted the violations and the district court imposed another 3-day jail sanction, ordered Trotter to attend an inpatient drug treatment program with aftercare, and extended the probation by 24 months. Trotter later agreed to enter the Sedgwick County Veterans Treatment Court program.

On May 17, 2024, the district court issued an amended warrant alleging that Trotter had violated the conditions of his probation by failing to attend drug and alcohol treatment as directed, failing to report to his ISO as directed, failing to report for a court ordered drug and alcohol test, failing to submit a drug and alcohol test, failing to submit proof of his "completed sober event" as ordered, and failing to appear in court. On January 17, 2025, the district court issued an additional warrant alleging that Trotter had violated his probation by traveling to Nashville, Tennessee, without written permission from his ISO, that Trotter had absconded from the Veterans Treatment Court program, and that he had also traveled to El Paso, Texas, without written permission from his ISO.

The district court held a probation violation hearing on January 29, 2025. Trotter admitted all of the allegations in the May 17, 2024 amended warrant. As for the January 17, 2025 warrant, Trotter admitted that he was in Nashville, Tennessee, on or about June 24, 2024; that he was in El Paso, Texas, on January 7, 2025; and that he was absent from the Veterans Treatment Court program from May 10, 2024, to January 7, 2025. Trotter did not admit that his actions met the legal definition of "abscond."

While arguing about the appropriate disposition, Trotter's counsel explained that Trotter temporarily left the Veterans Treatment Court program after pressure from facing new charges for domestic battery and school finals. Trotter's counsel argued that Trotter had reached a turning point in El Paso and had intended to return to Kansas, but that law enforcement intercepted him and arrested him in El Paso before he could do so. Trotter spoke on his own behalf and explained that after he left Kansas he eventually was "on my way back here to turn myself in when I got picked up. And I was, like, hoping to, like, turn myself in on my own terms." After hearing the arguments, the district judge found:

> "I will start with finding that Mr. Trotter was, in fact, arrested in El Paso, Texas, requiring—did not waive extradition and incurred a cost of $1,417.
> . . . .
> "Based on the violations specific to being in—in Nashville, Tennessee, El Paso, Texas, the Court would make a finding that he had absconded from supervision. He'd been—for a period from May of 2024 until his return in 2025.
> "Review of—of Mr. Trotter's—going back before entry into the Veterans Treatment Court program and reviewing the Court's own file, it does appear that there were bench warrants filed for failure to appear back in June of 2021, March of 2022, and probation violation warrant issued for failure to report in March of 2023.
> "There was testimony presented that Mr. Trotter had engaged, at some points, with VA treatment while he was absent from—from Sedgwick County. But the fact remains that he was absconded, was on warrant status, was not engaged in—in the treatment program here.

"*And based on that*, the Court would find that Mr. Trotter is not amenable to—to probation, and—and will revoke probation, order that Mr. Trotter serve the underlying sentence in this case." (Emphasis added.)

The journal entry of the probation violation hearing found that Trotter had violated his probation on all the grounds listed in the May 17, 2024 amended warrant and all the grounds listed in the January 17, 2025 warrant. The journal entry stated the district court revoked Trotter's probation because he had "absconded." A separate comment box stated the district court found that Trotter was arrested in El Paso, Texas; he was in Nashville and El Paso and absconded from May 2024 until his return in 2025; he had prior bench warrants outstanding; he engaged in the Veterans Treatment Court program but ultimately absconded and did not engage in treatment; and that he was not amenable to probation. Trotter timely appealed the district court's judgment.

*Analysis*

Trotter claims there was insufficient evidence to support the district court's finding that he absconded from probation because he did not have the conscious intent to evade the legal process. He asserts the record is clear that the district court relied solely on the absconder finding to revoke his probation. He claims we must reverse the district court's order revoking his probation and remand for a new disposition hearing. The State agrees there was insufficient evidence to support the district court's finding that Trotter had absconded but claims the issue is moot because Trotter has been released from prison.

The procedure for revoking a defendant's probation is governed by K.S.A. 22-3716. Generally, once a probation violation is established, a district court has discretion to revoke probation and impose the original sentence unless otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). An appellate court reviews a district court's revocation of probation for an abuse of discretion. 315 Kan. at 328. "A district court abuses its discretion if no reasonable person could agree with its decision or

if its exercise of discretion is founded on a factual or legal error." *State v. Butler*, 315 Kan. 18, Syl. ¶ 1, 503 P.3d 239 (2022). The party asserting the district court abused its discretion bears the burden of showing it. *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024).

The State claims the issue is moot because the "KDOC KASPER website" indicated that Trotter was to be released from prison on November 6, 2025. The determination of whether a case is moot is subject to unlimited review by this court. A case becomes moot when "'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.'" *State v. Castle*, 59 Kan. App. 2d 39, 43, 477 P.3d 266 (2020). The party asserting mootness bears the initial burden to show it. 59 Kan. App. 2d at 43. In *State v. Yazell*, 311 Kan. 625, 631, 465 P.3d 1147 (2020), our Supreme Court reversed this court's decision that an appeal was moot where the State relied on KASPER to argue that Yazell had completed his sentence. The *Yazell* court reasoned that KASPER is not a reliable source to determine an inmate's custody status. 311 Kan. at 631. The State here does not point to any factual source other than KASPER to argue mootness, nor has it filed a notice of a change in Trotter's custodial status as required under Supreme Court Rule 2.042 (2026 Kan. S. Ct. R. at 18). Thus, the State has not met its burden to show mootness.

Turning to the merits, Trotter cites *State v. Huckey*, 51 Kan. App. 2d 451, 458, 348 P.3d 997 (2015), to support his claim that there was insufficient evidence to support the district court's finding that he had absconded from probation. In *Huckey*, the evidence at Huckey's probation violation hearing showed that he had failed to report to his supervising officer for over two months. Based on the evidence, the district court found that Huckey had absconded from probation and used that finding to revoke Huckey's probation without imposing an intermediate sanction. 51 Kan. App. 2d at 453. On appeal, this court found that to meet the legal definition of absconding requires more than just

failing to report. 51 Kan. App. 2d at 457. This court found that because no evidence was produced showing that Huckey fled or hid himself to avoid arrest, prosecution, or service of process, substantial competent evidence did not support the finding. 51 Kan. App. 2d at 458.

Trotter asserts that substantial competent evidence does not support the district court's absconder finding because, as in *Huckey*, the district court heard no evidence about Trotter fleeing or hiding to evade arrest, service of process, or prosecution. The State concedes there was insufficient evidence to support the district court's finding that Trotter absconded from probation. We agree with the parties on this point.

Other than asserting this issue is moot, the State offers no argument as to why we should not grant Trotter's claim for relief. Trotter admitted to violating his probation for almost all the reasons identified in the probation violation warrants. And the district court did not need to rely on an absconder finding to revoke Trotter's probation because he already had received two intermediate jail sanctions. See K.S.A. 22-3716(c)(1)(C). But based on the district court's comments at the probation violation hearing and the statements in the journal entry, it appears that even though Trotter admitted to many violations, the district court revoked his probation solely because of the absconder finding. Because we agree there was insufficient evidence to support that finding, we reverse the district court's order revoking Trotter's probation and remand for a new disposition hearing. On remand, the State may not offer new evidence to support an absconder finding. See *State v. Dailey*, 314 Kan. 276, 278-79, 497 P.3d 1153 (2021). But the district court may exercise its sound discretion whether to revoke Trotter's probation based on his other admitted violations. Finally, on remand, the parties may address whether the issue raised in this case is moot.

Reversed and remanded with directions.